Wm. Litllejohn *v.* P. L Cox.

15  67
51 1763

Article 695 C. C., giving to a proprietor whose lands are enclosed a right of way to the public road, through the estate of his neighbors, *for the cultivation of his estate*, does not restrict the right of the owner of lands so situated to claim the servitude of passage only for planting purposes.

The purport of the law is more general, and its object is to enable the owner to enjoy his property in the manner which he may deem the most profitable.

In exercising this right of passage, the road should be located in a place where it would be least injurious to the person on whose estate the passage is granted; and at the same time proper regard should be had to the interests of the party claiming the right of way.

A PPEAL from the District Court of the Parish of Assumption, *Roman,* J. *Beatty & Bush,* for plaintiff. *C. Belcher,* for defendant and appellant.

Voorhies, J.   The object of this suit, on the part of the plaintiffs, is to connect with a public road two tracts of land belonging to them.   For this purpose they claim a servitude of passage, or right of way, over the defendant's estate.

The evidence shows, that the only public road situated in that vicinity is the one running along Bayou Lafourche, and that the two tracts of land belonging to the plaintiff are cut off from all communication therewith.   A survey has been made at the request of their counsel, made in open court; but the defendant moved to set aside the surveyor's report, on the grounds, that he was not notified to be present, when the survey was to be made,—that the return day had expired when the report was filed by the surveyor,—and that the survey is deficient in several respects.   It appears that the defendant's overseer, who was authorized to act in the premises, took an active part in the operations of the surveyor, and that it was at his request that one of the three roads leading to the public highway was drawn by the surveyor.   Indeed, he appears to have been authorized to tender this road to the defendant.   The objection based upon the fact of the expiration of the return day before the filing of the report of the surveyor, is not fatal.   And with regard to the insufficiency of the survey in several particulars, the objection goes to the effect, and not to the admissibility of the document.

There are in the record several bills of exceptions; but they need not be formally noticed, inasmuch as they are disposed of effectually in the reasons given in this opinion.

The first objection which the defendant raises on the merits against the plaintiff's action is, that the right of way is not claimed for purposes of cultivation, but, on the contrary, in order to haul wood from the two tracts in question to the latter's sugar house on a plantation adjoining the former's estate.

The Civil Code, Art. 695, says that, " The proprietor, whose estate is enclosed, and who has no way to the public road, may claim the right of passage on the estate of his neighbors, for the cultivation of his estate (pour l'exploitation de leurs héritages) ; but he is bound to indemnify them in proportion to the damage he may occasion."   This Article, borrowed from the N. C., Art. 682, without the least change of phraseology, does not mean that the owner of lands so situated are entitled to the servitude of passage. only for planting purposes.   The purport of the law is more general, and its object is to enable the owner to enjoy his property in the manner which he may deem the most profitable.   In the case at bar, it is unimportant whether the plaintiffs intend to cultivate cotton or cane on

LITTLEJOHN
*v.*
Cox.

the lands which are enclosed within the limits of the defendant's estate, or whether they will be content with the wood they may haul to the public highway. They are entitled· to connect these lands with a public road; and the only question to be determined is the manner or mode of exercising the right of way.

In locating this road, that place should be selected, which is the least injurious to the person on whose estate the passage is granted. C. C. 696. Upon this subject, Toullier says:

"Le propriétaire auquel le passage serait demandé, pourrait donc s'en défendre, en prouvant que l'héritage d'un autre voisin présente un trajet moins long, quoique moins commode au demandeur. Cependant, si le trajet le plus court l'obligeait à des dépenses considérables pour rendre le passage viable, il pourrait s'adresser à un autre voisin, dont la propriété offrirait un passage plus long, mais moins difficile. L'article 683 n'a point fait une règle immuable de donner le passage pour le trajet le plus court; c'est seulement la règle générale, dont il ne faut pas s'écarter sans de grands motifs. En un mot, l'article 683 du Code, qui veut que le passage soit *régulièrement* pris du côté où le trajet est le plus court du fonds enclavé à la voie publique, ne présente pas une disposition absolue dont les juges ne puissent s'écarter, si cela leur paraît convenable...... Mais le passage doit être fixé dans l'endroit le moins dommageable à celui sur le fonds duquel il est accordé (684). Ce n'est point la commodité de celui qui le demande qu'il faut considérer." (Vol. 3, No. 548.)

Pardessus is more explicit on this subject:

"Il ne faut point chercher en pareil cas la commodité de celui qui le demande: on ne doit s'occuper que de celle du voisin qui sera tenu de le fournir, et le prendre du côté où le trajet est moins long, jusqu'à un chemin public le plus prochain, ou jusqu'à une autre possession de celui à qui le passage est accordé; à moins que des considérations puissantes n'engagent à agir différemment, comme nous l'avons dit ci-dessus." (Pardessus, p. 383, s. 220; *Broussard* v. *Etié*, 11 La. 400; *Landry* v. *McCall*, 3 An., 134; *Miller* v. *Thompson*, 3 An. 567.)

In determining the place where the right of way shall be exercised, the matter is not left entirely at the caprice or option of the party compelled to grant the servitude. At the same time that due regard will be paid to his interests, and even to his convenience in the premises, the court will keep in view the rights which the law intends to secure to the opposite party. The road awarded must be such a one as will be serviceable,—one, of which he may derive the contemplated advantages of a forced expropriation. The defendants cannot exact that an extremely circuitous, impracticable and expensive route should be taken by the plaintiff, because it may happen to be less burdensome to the former.

In the cause under consideration, the question as to the location of the road is narrowed down to the alternative of adopting the one proposed by the defendant, or the one selected by the District Court. Upon a careful consideration of the evidence on this point, we have come to the conclusion that the location as made by the District Judge meets the law and equity of the case; but that the amount awarded to the defendant is not a full compensation for the damages incurred. It should be increased to the sum of $1500.

Before dismissing this subject, it is proper to remark, that it is only a right of way that the plaintiffs claim, and that the court below awarded; and in no event will the plaintiffs be allowed to pervert this servitude of passage into one of drainage for the use of their plantation. The defendants need not, therefore, entertain any apprehension upon this score. But the plaintiffs have the undoubted right

LITTLEJOHN
v.
COX.

to make the necessary ditches along the road in question, within the limits fixed by the court, and to put up any constructions that may be required to enable them to enjoy effectually the right of passage. On the other hand, they must not interfere injuriously with the draining of the defendant's plantation, nor throw any impediments in the use of the lands intersected by this road.

With regard to the costs incurred in the court below, the rule, in actions of this kind, as well as in others, is, that the party cast must be made responsible for them. The defendants having failed to tender, before the institution of suit, a satisfactory road, must bear the costs of suit. These must not be confounded with the compensation allowed for damages incurred.

It is, therefore, ordered and decreed, that the judgment of the District Court be amended, so as to increase the sum of five hundred dollars allowed to the defendant as damages, to the sum of one thousand five hundred dollars; and that, in other respects, this judgment be affirmed, the appellees paying the costs of the appeal.