No. ——

First Circuit

—————

BANDELIN v. CLARK

—————

(June 7, 1927. Opinion and Decree.)
(June 28, 1927. Rehearing Refused.)

—————

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Servitudes—Par. 9, 20, 22.**
In selecting a right of passage over an inclosed estate, as provided by Article 700 of the Civil Code, the court will also have due regard for the "convenience" of the owner of the subservient estate.

2. **Louisiana Digest—Servitudes—Par. 9, 20, 22.**
Where the preponderance of testimony shows that the least injury will result and that the convenience of the subservient estate will not be materially affected by the selecting of a certain right of passage, it will be so adjudged.

3. **Louisiana Digest—Judgment—Par. 13.**
Judgment for plaintiff granting a right of passage fifteen feet wide along a section line interpreted with plaintiff's petition is sufficiently definite.

Appeal from Tangipahoa Parish. Hon. Columbus Reid, Judge.

Action by Edmond Bandelin against George Clark.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Amos L. Ponder, of Amite, attorney for plaintiff, appellee.

A. S. Burns, of Ponchatoula, attorney for defendant, appellant.

MOUTON, J. Plaintiff is claiming in this case a right of passage on the estate of the defendant, his neighbor, to connect his estate with a public highway which lies north of plaintiff's property. The land of the defendant adjoins that of Esterbrook on the east, these two estates being bounded by the line dividing sections 21 and 22. A lane has been used on the land of the defendant east of and along this section line to the highway for a period of about twenty years prior to the institution of this suit. Of late, for some reason or other, plaintiff and defendant have not been on friendly terms. A fence was erected across this land by defendant, hence this suit for its removal and for the fixing of the right of passage claimed by plaintiff.

The District Judge rendered judgment, granting the right of way to plaintiff, from which defendant prosecutes this appeal.

The evidence shows that the estate of the plaintiff is inclosed, and that his only outlet to the public road, is either through the old lane on the eastern line of defendant's property, or on its western line. The defendant contends that plaintiff's right-of-way should be established on the western line of defendant's property because along that line it would be less injurious to his estate, and more convenient to him.

The evidence shows that the house of the plaintiff is situated at a longer distance

from the highway along the western line of defendant's land, than through the lane on the eastern limit of his property. It is shown, however, that the distance is the same, either way, from the "inclosed estate to the public road", from which point the measurement to the highway must be computed, under Article 700, Civil Code. There is no issue arising in the case on the question of the shortest distance from the "inclosed estate" to the public road, where the passage must generally be taken as provided for in the article above cited. The discussion must therefore be restricted to the question involving the issue of the least injury or inconvenience to the defendant in the fixing of the place where the right-of-way should be established.

The Civil Code, Article 700 says: "The place the least injurious, etc." Toullier (Vol. 3, No. 548) thus expresses himself on this subject: "Mais le passage doit etre fixé dans l'endroit le moins dommageable a celui sur le fonds duquel il est accordé". (684.) Here, the French Commentator uses the words "moins dommageable," that is, less damaging, or less injurious, which comes near "least injurious," the precise term employed in the Code. It is testified to by one of the witnesses, and not contradicted, that the placing of the passage through the lane on the east side of defendant's property, would give considerable additional value to it. Measured in cents and dollars—a prevalent criterion in our days—instead of an injury, a benefit would be conferred on the plaintiff.

In Littlejohn vs. Cox, 15 La. Ann. 67, the court, in passing on a case of this character, has not confined itself to the issue of "least injury" to the person on whose estate the passage is granted. In referring to such a person, the court said: "At the same time that due regard will be paid to his interests, and even to his convenience in the premises, the court will keep in view the rights which the law intends to secure to the opposite party". In that case, the court departed from the strict letter of the Code, broadened its meaning so as to embrace within its terms, matters affecting the "convenience" of the owner of the subservient estate. In this case defendant complains that the right-of-way granted by the court is extremely inconvenient to him. Much testimony was taken on this point, but the preponderance shows that his convenience will not be materially affected by the selection of the way along the old lane which for so many years had been used by common consent, and without complaint.

In the case above cited, the court also said: "The defendants can not exact that an extremely circuitous, impracticable and expensive route should be taken by the plaintiff, because it may happen to be less burdensome to the former". The proof does not show here, that the route along the western line of defendant's property would be more circuitous, but it does show, that it would be far more impracticable, and expensive, than through the lane where it was fixed by the court. We find, as was found in the case cited, that the location as made by the District Judge meets the law and equity of the case.

Counsel for defendant contends that the judgment is not sufficiently explicit. It gives to plaintiff a fifteen feet strip of right-of-way on the east side of the tract of land of George Clark, as described in the petition, next to the property of Easterbrook, from a point on Bandelin's property through the entire tract of the defendant, George Clark.

The petition asks that the passage be taken on the land of defendant along the line which divides or separates sections 21 and 22. The judgment, as rendered, must

be interpreted in connection with that allegation of the demand. It will be an easy matter to measure a strip of fifteen feet on defendant's land, starting from this section line, running it upward to the highway from the corner of plaintiff's land. The judgment, we think, is sufficiently definite to protect the rights of the parties concerned, and it is, for the foregoing reasons, affirmed, with costs.