Plaintiff instituted this suit for a right of passage over the land of the two defendants. The property involved is located on the north side of the Jonesboro-Chatham asphalt highway approximately two miles east of the Town of Jonesboro, Louisiana. All the property involved here is in the S.W. 1/4 of N.W. 1/4, Section 33, Township 15 North, Range 3 West, and at one time the entire forty acres was owned by W.A.J. Peevy. The south boundary line of the forty is the Jonesboro-Chatham highway.
On August 1, 1933, W.E. Nesbitt, the defendant herein, purchased from Peevy a part of the forty acres measuring 265 feet by 840 feet. The 265 feet fronted on the highway. On January 1, 1933, Peevy sold to Sidney J. Bools a tract of three acres adjoining the Nesbitt property on the west. This tract fronts on the highway 210 feet and extends back 630 feet. This three acres was acquired by R.O. Phillips on August 17, 1940.
On November 2, 1935, Peevy sold to O.A. Williams a one-acre tract lying due north of the Phillips three acres. W.M. Morris, plaintiff herein, acquired this one-acre tract from Williams on April 17, 1939. Morris lives on this one-acre tract. It is his home. He has no outlet or passageway to the highway which leads to Jonesboro, the parish seat of Jackson Parish, in fact he has no outlet or passageway to any road leading anywhere. His one-acre tract is entirely surrounded by the property of others. Adjoining him to the north is property owned by W.A.J. Peevy; to the south the property of R.O. Phillips; to the east the Nesbitt property and to the west the property owned by W.A.J. Peevy.
Plaintiff made an effort to secure a passageway to the highway from Phillips and Nesbitt. He got no satisfaction from his efforts and his attorney failed in his efforts along the same line. He then instituted this suit against Phillips and Nesbitt asking that he be granted a passageway over the properties of Nesbitt and Phillips making the dividing line of the two properties the center of the passageway. He alleged that such a passageway was the nearest way to the highway and the most logical, convenient and practical route over which passage could be had during the entire year; that all other passageways would be impassable at various times of the year and would require a great deal more expense to secure and maintain. Plaintiff alleged he was able and willing to pay for such a passage but that defendants had refused to permit him to have such. He further prayed for the Court to order a passageway granted and to fix the amount of compensation he should pay defendants. *Page 77 
Defendants filed a prayer for oyer of the deed and chain of title to plaintiff's alleged property extending back to W.A.J. Peevy. They also filed a plea of vagueness in which they complained of plaintiff's failure to allege the width of the passageway he desired.
Both pleas were overruled by the lower court and defendants answered denying that plaintiff owned the land he described in his petition but admitting the land claimed to be owned by plaintiff is located where he alleged it to be. They denied that plaintiff did not have an outlet from his home to the highway and denied that the route prayed for is the most convenient, practical and nearest route; and denied that plaintiff ever offered to pay them for a passageway or that he is entitled to a passageway across their properties.
Defendants further answered as follows:
"13. That defendant, Roy O. Phillips, owns a frontage of 210 feet by a depth of 631 feet; that immediately east of and adjacent to his land the defendant, W.E. Nesbitt, owns a frontage of 265 feet by a depth of 630 feet.
"14. That Nesbitt's land slopes eastward and Phillips' land slopes westward, leaving only a small portion of said frontage suitable for residences, which is on or near the dividing line of their property; that Phillips' house is built near this line and his lawn and driveway to his house take up all of his property to the line between him and Nesbitt, and there is wholly insufficient property for a right-of-way for a road across his property as the portion west of his house is unfit for either a road or residence, as the highway there forms a large embankment.
"15. That Nesbitt has his water well near the line, between him and Phillips, which of course cannot be moved and which would be rendered unsanitary, useless and destroyed by the construction of a road or passage over it or near it; that wells are scarce in that community and there exists a possibility he would be unable to find water at any other point on his property; that he has his dwelling on a lower portion of his property and intends to construct at some future date his permanent home on the higher portion of this property, and a passage or right-of-way on or near the property line, between him and Phillips, would take up all the space therefor and his homesite would be totally destroyed.
"16. That to construct a road along said property line, the water from the highway and for a distance of not less than 660 feet, and even off of plaintiff's property would run down to and through defendant Nesbitt's property at or near his well and through his yard and would greatly damage his own present premises and make the same unfit for a residence, and for that reason would also destroy his permanent homesite.
"17. Defendants now show that only 140 yards west of Phillip's property and therefore west of plaintiff's property, a road has been given and constructed northward from the asphalt highway and within 140 yards of plaintiff's property and that said road is adequate and sufficient and entirely passable by all vehicles at any and all times of the year, and now serves and is used by A.L. Austin and his family, whose property is located 140 yards north of the highway.
"18. That one H.C. Massey owns one acre located one acre west of plaintiff's property, and this road is necessary, is now in existence to serve his property, as well as that of plaintiff and A.L. Austin.
"19. That the land between plaintiff's land and the north end of this road is high and dry property and would afford adequate passage or roadway for plaintiff.
"20. That the one acre lying between plaintiff's tract and that of said H.C. Massey, together with all property north thereof, in said forty, is owned by the said W.A.J. Peevy, who sold these various tracts of land — defendant's tracts several years ago to W.E. Nesbitt, August 1, 1933, and Phillip's tract January 31, 1933.
"21. That as a matter of law, the said W.A.J. Peevy is required to furnish plaintiff a road and a passage free of charge which he can yet do to the Massey tract which would only be 70 yards to the road now in existence, fully sufficient and adequate to furnish plaintiff and the other residents thereof, passage and such location would require only 70 yards additional road over that location, sought by plaintiff, with 210 yards of that road already constructed and in use.
"22. That the plaintiff's tract was not sold off by the said W.A.J. Peevy until November 2, 1935, and that plaintiff did not acquire same until April 17, 1939, or some six years after the defendants had acquired their property and constructed *Page 78 
residences thereon, and the plaintiff and his authors in title knew at all times, before, at the time, and since their said purchases of the location of all of said property, the existence of defendants' dwelling, etc., and that plaintiff was buying property to the rear of defendants, and that he had no right-of-way or passage over defendants' property, and that plaintiff is acting in the utmost bad faith and for the purpose of damaging and injuring defendants and their property and endeavoring to take the best portion thereof as a road.
"23. That therefore, there exists no necessity for a passageway or road over defendant's property, as plaintiff's property can be adequately and sufficiently served with less expense and over a shorter route to a road through said other location and that as hereinabove stated a roadway over defendant's property would damage and destroy the usefulness of defendant's property, dwellings, land, wells and other improvements beyond any reasonable compensation therefor.
"24. Now, in the event and alternative, and only in the event and alternative, the Court should grant a right-of-way or passage over defendant's property, then and in that event they show that they would be damaged and the value of the land so taken thereby would be as follows:
"W.E. Nesbitt . . . .
"Destruction of well $250.00 Value of land taken 100.00 Drainage over and through his yard, dwelling and premises 250.00 ------- "Total $600.00
"Roy O. Phillips . . . .
"Value of land taken 100.00
Destruction of driveway 100.00 Depreciation due to destruction of land, and lessening of desirable frontage 100.00 ------- "Total $300.00
"which amount in said alternative, the plaintiff should be condemned and ordered to pay the defendants before the taking of their property for the purpose of a right-of-way or passage for plaintiff and in said alternative, if the same should not be paid within such time as may be fixed by the Court and according to law, then and in that event, plaintiff's demands be finally and permanently rejected and end forever plaintiff's threat of further adjudication for damage to or destruction of defendant's property.
"Wherefore, defendants pray that plaintiff's demands be rejected and this suit be dismissed at his costs.
"Defendants further pray in the alternative and only in the event the Court should grant a right-of-way or passage across defendant's property, then as a prerequisite and precedent thereto, or of any exercise thereof, that plaintiff be condemned to pay to defendants as follows:
"W.E. Nesbitt $600.00 "Roy O. Phillips $300.00
"with 5% per annum interest thereon from judicial demand until paid and for all costs of this suit and proceedings, and that in said alternative, on plaintiff's failure to pay said sums that his demands be finally and permanently rejected."
On these issues the case was tried below. At the conclusion of the taking of testimony, by agreement of counsel, the Judge of the lower court went to the location and viewed the property. It then rendered judgment for plaintiff granting him a passageway fifteen feet in width with an equal amount off the property of each defendant. In other words, the fifteen-foot passageway was to have for its center the dividing line between the Phillips and Nesbitt properties running from plaintiff's property to the Jonesboro-Chatham highway, upon plaintiff paying to the defendants $75, or $37.50 to each of them. It also cast defendants for all costs of the suit.
Defendant Nesbitt is prosecuting this appeal. No appeal was perfected by defendant Phillips.
In this court appellant has filed exceptions of no cause and no right of action. The exceptions when filed in this court for the first time must be considered not on the petition alone but upon the record as made up at the time the exceptions were filed. That, of course, necessitates a consideration of the case on its merits.
The record clearly discloses that plaintiff has no outlet from his home to the highway and that defendant Nesbitt, the only defendant before this court, refused to even discuss granting him a passageway. He has taken the position in this suit that plaintiff is not entitled to a passageway over his property. He testified that when plaintiff asked him about giving him a right of passage over his land, he *Page 79 
did not answer him. As long as appellant maintains such an attitude, it would be a vain and useless thing for plaintiff to tender him any amount.
There is clearly no merit to appellant's contention that because he purchased his property before plaintiff purchased his from the same vendor, plaintiff is not entitled to a passageway over his property. If that contention is good then it is possible and probable that a tract of land might be enclosed by other landowners and be forever deprived of an outlet.
Appellant also contends that their common vendor, Peevy, owes plaintiff a passageway to the highway and that plaintiff can secure one from Peevy by crossing the Peevy acre adjoining plaintiff on the west and the Massey acre adjoining the Peevy acre on the west, at which point, it is contended, he could enter a dirt road running south from that point to the highway, through the properties of a Mr. Austin and a Mr. Carraway. The passageway plaintiff is asking for is only 630 feet in length. The route proposed by appellant is 1,050 feet in length and is shown by the testimony to be a route which is impassable many times during the year and after every rain. It would also require the securing of a right of passage over the lands of Massey, Austin and Carraway, not counting the Peevy acre. The route asked for by plaintiff is clearly the only practical route for a passageway from his home to the highway. It is one that could be used at all times of the year. It is the most convenient and can be constructed and maintained at the least cost and cannot damage defendant greatly and, under the provisions of Articles 699, 700, 701, 702 of the Revised Civil Code, plaintiff is entitled to this passageway. Mercer v. Daws, La.App., 186 So. 877.
Appellant contends that to grant this passageway over his property will destroy it for a home, for which he purchased it and is now using it. The lower court went on the property and saw the situation as it was and was of the opinion the damage to appellant would be nominal, as is shown by his award of damages in the amount of only $37.50. The testimony in the record confirms the finding of the lower court.
Appellant also contends that a road placed where plaintiff asks for it would damage him by destroying his well and that it would cost $250 to dig another. The well is a good distance from the place of the proposed route and there is no reason for the road to cause damage to the well. The testimony fails to show any damage to appellant on that account. The testimony also fails to show there would be any increase in the drainage over and through appellant's yard and under his dwelling and the value of the land to be used as a passageway has been correctly fixed at $37.50. There is no evidence in the record to justify us in disturbing the finding of the lower court.
Appellant complains about having been cast for costs and states that the costs of court will exceed by a few cents the amount awarded him for the right of passage. He has cited us no authority for putting the cost on plaintiff; to the contrary, in the case of Littlejohn v. Cox, 15 La.Ann. 67, the Court said:
"With regard to the costs incurred in the court below, the rule, in actions of this kind, as well as in others, is, that the party cast must be made responsible for them. The defendants having failed to tender, before the institution of suit, a satisfactory road, must bear the costs of suit. These must not be confounded with the compensation allowed for damages incurred."
The judgment of the lower court is correct and it is affirmed with costs.
TALIAFERRO and HAMITER, JJ., concur. *Page 80