This suit was originally instituted by Mrs. Lucille Wells, wife of Walter Wells, and the said Walter Wells, against the defendant, Mrs. Marie Rateau Anglade, to have her convey to them a right of way or passage over and across her land which adjoins theirs on the east as, they allege, their land is enclosed by lands of other parties and they have no way or access to a public road, railroad, tram road or water course by which they might get products of their land to market.
The defendant answered the suit of the plaintiffs very much in the form of a general denial. In their petition plaintiffs had alleged that the defendant had offered them certain rights of way which they did not accept for the reason that some would make the road entirely too long, that others would entail too much expense in clearing a right of way or for some other reasons which they state. In their answer to these allegations the defendant avers that they were all matters involving a compromise of the claim of the plaintiffs for a right of way and therefore testimony with regard to the same would not be admissible. They then move that these allegations be stricken from the petition.
In their petition plaintiffs also allege that the nearest public road to their property is one running north and south directly along the east line of the defendant's property; that the defendant's property is divided into a number of lots having dimensions of 20.6 chains east and west by 5.01 1/2 chains north and south and that immediately in front of their property lie lots 1 and 2 as shown on a plat or map of survey of the defendant's property. They then aver that the most practical and convenient route for them over and across the defendant's land would be along a fence presently dividing lots 2 and 3.
After the defendant had filed her answer, there was a supplemental petition filed in behalf of Cleveland Wells in which it is alleged that subsequent to the filing of the original petition he had purchased the 20-acre tract of land belonging to the original plaintiffs and he desired to be substituted as a party plaintiff in their stead. He then adopted all the allegations of the original petition but averred that the allegation in paragraph 12 is erroneous in so far as the number of the lots therein mentioned is concerned and the fact is that the shortest and the most practicable route from his house directly east to the highway would be between lots 3 and 4 of the defendant's property. He then asked that the petition be amended to show the true situation and prayed accordingly.
The defendant then appeared by motion and asked that the supplemental petition be stricken from the record as it came too late because when it was filed issue had already been joined between her and the original parties and it could not now be changed.
No action seems to have been taken by the court on that motion and the case was duly assigned for trial without objection on the part of defendant. It was taken up and tried pursuant to the order of assignment, again without objection or any reservation whatsover, and after due consideration by the court judgment was rendered in favor of the plaintiff condemning the defendant to grant a right of way as demanded in the supplemental petition conditioned upon the plaintiff paying the defendant the sum of $100 and his erecting a three strand barbed wire fence on each side of the road that was to be laid out. Plaintiff had asked for a right of way 33 feet in width but the court condemned one to the extent of 20 feet in width only. From that judgment the defendant took this appeal and plaintiff has answered, asking that the judgment be amended by reducing the amount of damage he was compelled to pay from the sum of $100 to the sum of $40, by eliminating that feature of the judgment which required him to construct the wire fence along the right of way and also by increasing the width of the right of way to 33 feet as originally prayed for. *Page 471 
On the day that the case was called for argument before this court counsel for defendant filed an exception of no right or cause of action.
[1, 2] In brief and argument counsel again contended that the supplemental petition was improperly filed as it constituted an attempt to change the issue by asking for a different location for the right of way than the original petition, all after issue had been joined on the original petition. He then suggested that the case be remanded to the lower court to the end that that court may pass on his motion to have the supplemental petition, if allowed to stand, put at issue by pleadings on the part of the defendant.
We do not believe that the supplemental petition had the effect of changing the issue in the case as contended for by counsel. The sole issue presented to the court is whether or not the plaintiff is entitled to have the court condemn the defendant to grant him a right of way or passage over and across her land in order to reach a public road. The point or location at which the right of way should be given is a matter that is incidental to the issue itself. No doubt that the present plaintiff, when he had acquired the property from the original plaintiffs, became the proper party plaintiff in the suit and had a right to have himself substituted as such. In his supplemental petition he reiterated and adopted all the allegations of the original petition with regard to the issue before the court, which is the granting of a right of way vel non over and across the defendant's property. The rest of his supplemental petition deals only with what he alleges was an error, inadvertence or a mistake contained in the original petition with regard to the location of the right of way. Even so, he could not select that location himself although he asked for a different one than was demanded in the original petition. That was a matter for the court itself to decide after having heard the testimony as to which it would consider the most practical route to the public road.
[3] Besides, all of this seems to come a bit late before this court as the case was tried and decided in the lower court without any objection or reservation whatever being made on behalf of the defendant.
[4] With regard to the exception of no right or cause of action counsel seems to rely on two cases which he cites and in which he says it was held that the right to such passage over another's lands, as is here being claimed, may only be exercised in cases of necessity and it does not arise merely from inconvenience and is not to be determined only by choice. Granting all of that to be true, it strikes us that that is a question which can only be properly decided on the merits of the case and after a hearing of the testimony on those particular points. Certainly the petition in this case discloses a cause of action and also a right of action under the specific language of Article 699 of the Civil Code which provides that the "owner whose estate is inclosed, and who has no way to a public road, a railroad, a tramroad or a water course may claim the right of passage on the estate of his neighbor or neighbors to the nearest public road, railroad, tramroad or water course and shall have the right to construct a road, railroad or tramway according to circumstances and as the exigencies of the case may acquire (require) over the land of his neighbor or neighbors for the purpose of getting the products of his said inclosed land to such public road, railroad, tramroad or water course, or for the cultivation of his estate, but he shall be bound to indemnify his neighbor or neighbors in proportion to the damage he may occasion." It appears to us that the plaintiff in this case has tracked the language of that article rather closely and complied with the last requirement by alleging that he tendered the defendant compensation in a sum which he thought was in proportion to the damage she may sustain. It is true that under Article 700 of the Civil Code the claimant for such a right of passage cannot exact the one he chooses and true also that that article provides that the passage shall be fixed in the place the least injurious to the person on whose estate it is granted, but still, in that very article it is further provided that the passage shall generally be taken "on the side where the distance is the shortest from the inclosed estate to the public road." This also according to the allegations of the petition is what the plaintiff in this case is demanding.
We are convinced therefore that there is no merit in the exception of no cause of action and the same is now overruled.
[5] On the merits of the case we do not think that counsel for the defendant seriously denies the plaintiff's right to have his right of passage over defendant's land nor do we think he seriously disputes that the location as pointed out between lots 3 and *Page 472 
4 on the map exhibited in evidence is the most practicable and the shortest over which the plaintiff could reach the highway on the east of defendant's property. It is true that there is shown to be an old road which formerly was used, on the west of all these properties, in order to reach the public highway known as the Pontchatoula-Madisonville Road. We believe, however, that the testimony establishes the fact that this road is more or less abandoned and if not, is most of the time impassable. Besides it is several times the length of any route over and across defendant's property adjoining the plaintiff's to the east. Other routes also suggested would entail almost prohibitive costs in clearing pine thickets and crossing canals, in building a road, and so, we are satisfied from the evidence that the route as asked for between lots 3 and 4 of defendant's property is the most practicable and certainly by far the shortest. As far as it being one that might be most injurious to the defendant, the testimony fails to convince us on that point. The principal complaint that seems to be made is with regard to the loss of headlands in cultivating these two lots. It may be that under the demand made by the plaintiff for a right of way 33 feet in width that defendant might have been bothered to some extent in having a proper headland on either side of the right of way but the court properly, in our opinion, reduced the right of passage to 20 feet, thus allowing 6 1/2 feet additional on either side which could be used by the defendant as a headland, or part of one at least, thus taking care of that complaint.
[6] In the case of Littlejohn v. Cox, 15 La. Ann. 67, in which the court, although referring to the present Article 700
of the Civil Code and to some of the French commentaries' discussion of that Article in which it is particularly stated that it was not the convenience of the one demanding the right of way that had to be considered but rather it should be fixed at that point the least injurious to him who had to grant it, nevertheless said: "In determining the place where the right of way shall be exercised, the matter is not left entirely at the caprice or option of the party compelled to grant the servitude. At the same time that due regard will be paid to his interests, and even to his convenience in the premises, the court will keep in view the rights which the law intends to secure to the opposite party. The road awarded must be such a one as will be serviceable, — one, of which he may derive the contemplated advantage of a force expropriation. The defendants cannot exact that an extremely circuitous, impracticable and expensive route should be taken by the plaintiff, because it may happen to be less burdensome to the former." That case has been cited with approval in several comparatively recent cases, notably Bandelin v. Clark, 7 La. App. 64, Mercer v. Daws, La. App., 186 So. 877, and Morris v. Nesbitt, La. App., 9 So.2d 75. Guided by the language quoted we believe that on the evidence that is before us, we are safe in affirming the judgment appealed from.
[7] Counsel for plaintiff complains of the amount of $100 which his client has been condemned to pay the defendant as damages. Counsel for defendant thinks the award is too small and would have us increase it to $300. Both complaints lead us to believe that the award as made is just about proper and correct and we are not inclined to disturb it one way or the other. Counsel for defendant also complains about having to pay the costs which were imposed upon his client. We find that his complaint on this point is fully answered in the case of Littlejohn v. Cox, just cited, wherein the court stated: "With regard to the costs incurred in the court below, the rule, in actions of this kind, as well as in others, is, that the party cast must be made responsible for them. The defendants having failed to tender, before the institution of suit, a satisfactory road, must bear the costs of suit. These must not be confounded with the compensation allowed for damages incurred." This last sentence is a complete answer to the complaint made by counsel for defendant in this case.
Judgment affirmed at the costs of defendant, appellant herein. *Page 473