STEWART, J.
 

 _JjThe defendant, Joan Terry Coon, individually and as Independent Executrix of the Succession of Henson S. Coon, Jr. (hereafter “Coon”), appeals a judgment granting a right of passage in favor of the plaintiffs, Steven Ralph Dickerson and Marcia Jeanette Simmering Dickerson (referred to jointly as “Dickerson”). Coon asserts that the trial court committed manifest error in placing the servitude along the shortest route and in failing to award damages. We find no manifest error by the trial court in fixing the servitude along the shortest route, but we do find that the trial court erred in failing to award damages for the value of the timber that will have to be removed from Coon’s land.
 

 FACTS
 

 On March 11, 2008, Dickerson filed a petition seeking a right of passage for an enclosed estate described as follows:
 

 The Southwest Quarter of Northeast Quarter, Section 28, Township 17 North, Range 1 East, Ouachita Parish, Louisiana, containing 40 acres, more or less.
 

 The nearest public road is Guyton Loop Road, part of which is located on neighboring property owned by Coon and described as:
 

 The Northeast Quarter of Southwest Quarter and Northwest Quarter of Southeast Quarter, Section 28, Township 17 North, Range 1 East, Ouachita Parish, Louisiana.
 

 Dickerson asked that the right of passage be located along an existing logging road that begins at Guyton Loop Road and runs through Coon’s land north of the road up to the southwest corner of his land. Aternatively, Dickerson asked the court to select the shortest route from Guyton Loop Road to the southwest corner of his property.
 

 | ^Dickerson attached to the petition plats and surveys detailing a 15-foot wide servitude over both the logging road and the shortest route. These two routes are in the same general area of the Coon property. According to calculations based on the attachments, the distance along the logging road is 2,433.67 feet, and the route contains 0.272 acres. The distance along the shortest route is 1,433.96 feet and contains 0.242 acres.
 

 
 *1138
 
 In answer, Coon asserted that the area of the logging road is the highest point of elevation on his land. He claimed that establishing a right of passage along the logging road would bisect the property and disturb the hunting club, which leases the acreage. Coon asserted that his acreage is used to grow timber, whereas the Dickerson acreage is at a lower elevation, subject to frequent flooding, and best described as a marsh for most of the year. Coon proposed an alternative right of passage along the north boundary of his westerly tract. Coon asserted that the boundary route would provide access to Dickerson’s marshy acreage without bisecting his best land or disturbing the hunting club. Dickerson had previously rejected this route.
 

 The main issues at trial concerned the location of the right of passage and damages, if any. That the Coon property was the servient estate and owed a right of passage for the benefit of Dickerson’s enclosed estate was not disputed. The trial court recognized three possible options for location of the right of passage: (1) the shortest route; (2) the existing logging road; and (3) the border or west side/ north side route proposed by Coon. After hearing the evidence and viewing the properties and areas of the proposed | ¡¡routes in person, the trial court ordered that the right of passage be fixed along the shortest route. The trial court found that the other two options had “pros and cons of equal weight” but that the first option, the shortest route, was clearly in line with the codal provisions governing rights of passage.
 

 Judgment was rendered September 22, 2010, granting Dickerson the right of passage across the shortest route on Coon’s land from Guyton Loop Road to the southwest corner of Dickerson’s enclosed estate. The judgment did not mention any award of damages to Coon. Each party was ordered to bear its own costs and pay one-half the court costs.
 

 Mr. Henson S. Coon, Jr., died on July 28, 2010. For purposes of the appeal, his wife, Joan Terry Coon, was appointed Independent Executrix for his succession and recognized as the defendant in lieu of the deceased.
 

 DISCUSSION
 

 Location of the Right of Passage
 

 The trial court’s factual findings are subject to reversal if the appellate court finds that no reasonable factual basis exists for the findings of fact and determines that the record establishes that the trial court’s findings are manifestly erroneous or clearly wrong.
 
 Allerton v. Broussard,
 
 2010-2071 (La.12/10/10), 50 So.3d 145,
 
 recon. denied,
 
 2010-2071 (La.1/28/11), 56 So.3d 974;
 
 Stobart v. State, Through Dept. of Transportation and Development,
 
 617 So.2d 880 (La.1993). The appellate court does not determine whether the trier of fact was right or wrong. Rather, the issue to be resolved is whether the trier of fact’s conclusion was reasonable based on a review of the entire record.
 
 Stobart, supra.
 
 If the trier of fact’s findings hare reasonable in light of the record reviewed in its entirety, then reversal is not warranted.
 
 Id.
 
 This is so even if the appellate court, sitting as the trier of fact, would have weighed the evidence differently.
 
 Id.
 
 Where there are two permissible views of the evidence, “the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.”
 
 Id.
 
 at 883.
 

 La. C.C. art. 689 permits the owner of an estate with no access to a public road to claim a right of passage over neighboring property to the nearest public road. The owner of the enclosed estate “is bound to indemnify his neighbor for the damage he may occasion.”
 
 Id.
 

 
 *1139
 
 La. C.C. art. 692, which governs location of the right of passage, instructs that the owner of the enclosed estate may not demand a right of passage at the location of his choice. Rather, it “generally shall be taken along the shortest route from the enclosed estate to the public road at the location least injurious to the intervening lands.” La. C.C. art. 692.
 

 The use of “generally” in La. C.C. art. 692 indicates that there are exceptions to the shortest route requirement. The circumstances of each case will determine the location of the servitude.
 
 Anderton v. Akin,
 
 493 So.2d 795, 797 (La.App. 2d Cir. 1986), writ
 
 denied,
 
 497 So.2d 1014 (La.1986). Upon determining which estate will be burdened with the right of passage, courts usually engage in a balancing test to determine where on the servient estate the right of passage should be located.
 
 Davis v. Culpepper,
 
 34,736, p. 8 (La.App.2d Cir.7/11/01), 794 So.2d 68, 73-74,
 
 writ denied,
 
 2001-2573 (La.12/14/01), 804 So.2d 646,
 
 citing Mitcham v. Birdsong,
 
 573 So.2d 1294 (La.App. 2d Cir.1991);
 
 Roberson v. Reese,
 
 376 So.2d 1287 (La.App. 2d Cir.1979); C. Sherburne Sentell, III, Comment,
 
 Fixing the Right of Passage from an Enclosed Estate: Deciding Where to Break Out Using Louisiana Civil Code Article 692,
 
 54 La. L.Rev. 1659, 1670 (1994).
 

 However, departure from the general rule requiring location of the right of passage along the shortest route “must be supported by weighty considerations.” A.N. Yiannopoulos, 4 La. Civ. Law Treatise,
 
 Predial Servitudes
 
 § 97, (3d Ed.2004). While courts will normally grant a right of passage that is least injurious to the servient estate, other factors such as distance, degree of injury to the servient estate, practicability, and cost weigh in the decision of where to locate the right of passage.
 
 Id.
 

 Instruction on fixing the right of passage is found in
 
 Anderton,
 
 493 So.2d at 798, which explains that while the right of passage should be fixed at the point least injurious to the servient estate, the matter of its location is not to be left to the “caprice or option” of the party who must grant the servitude. The court must also be mindful of the rights that the law affords the dominant estate owner. As such, a right of passage that is “extremely circuitous, impracticable, and expensive” should not be selected because it is less burdensome to the servient estate owner.
 
 Anderton, supra, citing Wells v. Anglade,
 
 23 So.2d 469 (La.App. 1st Cir.1945),
 
 citing Littlejohn v. Cox,
 
 15 La.Ann. 67 (La.1860).
 

 Coon argues that the trial court erred in fixing the passage along the shortest route rather than along the boundary route, which would be least injurious. Coon asserts that the evidence proves that both the logging road and the shortest route would be injurious. Both routes would divide the 551 (¡acres north of Guyton Loop Road into about a 45-acre tract east of the servitude and a 10-acre tract west of the servitude. Also, either route would bisect the 55 acres at its crown (area of highest elevation), which Coon considers a prime area for building a house.
 

 The possibility that grandchildren might one day build a house on the property and the concern that the passage dividing the property might prevent them from doing so was expressed by the defendants’ son, Henson S. Coon, III, (“Henson”) in his testimony and by the defendant, Henson S. Coon, Jr., (“Mr. Coon”) in his deposition, which was introduced into evidence in lieu of his testifying. Coon’s expert appraiser, A.J. Burns, Jr., agreed that fixing the passage along the shortest route or the logging road would bisect the property and
 
 *1140
 
 diminish that area’s desirability as a house site.
 

 In his deposition, Mr. Coon stated that he inherited the land from his father, had owned it for 50 years, had harvested timber, and had leased it to a hunting club for the last 17 years. He recalled that when his father purchased the property, there had been a house site in the area of the logging road. His son Henson believed there may have been a home on the property about 100 years ago. Mr. Coon also recalled that the logging road was used for a while to access an oil well on the property. About five years before Dickerson bought the land, Mr. Coon had allowed a lumber company that was harvesting timber from what is now Dickerson’s land to use the logging road.
 

 [7We are not persuaded by the argument that the shortest route is injurious to Coon’s land because it divides the 55 acres north of Guyton Loop Road at its crown and might prevent the use of that area as a home site. Coon has owned the property for over 50 years without residential development on it. There are no plans for future development. Mr. Coon and Henson merely expressed the desire that descendants might one day build a house on the property. If the servitude interferes with any future development, the servient estate has the right to demand relocation of the servitude to a more convenient location at his expense. La. C.C. art. 695. Also, nothing in the record shows that a passage along the shortest route would interfere with the hunting club which leases the Coon property.
 

 Steven Dickerson testified that he purchased his property, which consists of 25 acres of wetland and 15 acres of timberland, in March 2008 for recreational purposes and for a timber investment. He estimated that he would need access to the property once per week to transport tools and materials either by foot, utility vehicle, or a light truck. He has no plans to erect a permanent structure or run utilities to the property. He requested the logging road because it was comparable to the shortest route, would require limited work to make passable, and no timber would have to be cleared. However, he had no strong objection to the shortest route even though it would require him to clear timber and bring in dirt to make a passage. He explained that the boundary route would require him to clear even more timber, to bring in even more dirt, and to contract engineering work to address an area where water collects along the route.
 

 1 sDarryl James Rayner, Jr., a dirt contractor and owner of R & R Dirt, L.L.C., testified as an expert in road maintenance and construction on behalf of Dickerson. Rayner prepared cost estimates for constructing a passable 15-foot wide servitude along the three proposed routes. Rayner testified that it would cost $997.50 to make the existing logging road passable and would require about 45 cubic yards of dirt to fill holes and shape the roadway. Construction of a passable roadway along the shortest route would cost $4,457.50, for excavation work, installation of a drainage pipe, and dirt work to fill the area of the roadway. Construction of a passable roadway along the Coon boundary route would cost $11,220.00, and would require the setting of two drainage pipes, excavation work, and 650 cubic yards of dirt for spreading and filling along the passage.
 

 Gregory Hebert, a professional forester, testified as an expert in timber on behalf of Dickerson and conducted a timber assessment for the shortest route and the boundary route. He did not assess the area of the logging road because he did not expect there would be a need to remove much timber in an area where a passage already existed. He determined the value of the timber along the boundary route to
 
 *1141
 
 be $643.60, and the value of the timber along the shortest route to be $291.43.
 

 Considering cost and practicability, this court, if sitting as the trier of fact, may have selected the existing logging road which historically had been used as a passage and is in close proximity to the shortest route. However, we cannot conclude that the trial court’s selection of the shortest route is unreasonable or that reversal is warranted. The law favors the | pshortest route, and departure from the general rule favoring the shortest route is not supported by “weighty considerations.” The shortest route will provide direct access from the Dickerson’s tract to the nearest public road. Making a passable roadway along the shortest route will involve considerably less expense than doing so along Coon’s proposed boundary route. From our review of the record, we find the fixing of the right of passage along the shortest route to be neither manifestly erroneous nor clearly wrong.
 

 Damages
 

 Coon also argues that the trial court erred in failing to address and award damages. Coon seeks damages totaling $16,891.43 for a servitude along the shortest route.
 

 The trial court’s judgment is silent as to the issue of damages. When a judgment is silent as to a party’s claim or demand, it is presumed that the trial court denied the relief sought.
 
 TSC, Inc. v. Bossier Parish Police Jury,
 
 38,717 (La.App.2d Cir.7/14/04), 878 So.2d 880. Based on this principle of law, we find that the absence of any mention of damages in the judgment equates to a denial of damages.
 

 La. C.C. art. 689 provides that the owner of an enclosed estate who claims a right of passage over neighboring property is “bound to indemnify his neighbor for the damage he may occasion.” This provision recognizes that the owner of the servient estate “may” receive “damage” requiring indemnification by the owner of the dominant estate.
 
 Greenway v. Wailes,
 
 41,412, p. 12 (La.App.2d Cir.8/1/06), 936 So.2d 296, 303. The
 
 Greenway
 
 |inopinion explains that “damage” under La. C.C. art. 689 does not mean compensation based on the appraised value of the servient property as though the fixing of the right of passage is an expropriation or taking of the property. The right of passage is a legal servitude, a limitation on ownership established by law for the benefit of the general public or particular persons. La. C.C. art. 659. This limitation on ownership is for the “common utility” of adjacent properties and has been part of this state’s policy regarding ownership of land since statehood.
 
 Greenway, supra,
 
 at 41,412, p. 12, 936 So.2d at 303,
 
 and provisions cited therein.
 
 Moreover, the right of passage for the enclosed estate “has been a limitation on ownership of immovables since our earliest civil code.”
 
 Id.
 

 The burden is on the owner of the servient estate to prove the amount of damage resulting from the servitude of passage.
 
 Bailey v. McNeely,
 
 2005-629 (La.App.3d Cir.12/30/05), 918 So.2d 1124. Burns, Coon’s expert real estate appraiser, testified as to the damages he believed would be due for the “taking” or use of the right of passage. He valued the right of passage at $2,000 based on comparable sales of “rye grass and easements” and what he learned from talking to others who had negotiated such things. Next, he determined that the 55-acre tract, which he valued at $146,000, would suffer a 10 percent diminution in value when burdened with the right of passage. Thus, he assessed damages in the amount of $14,600. He likened these damages to severance damages. Burns believed that a right of passage along the shortest route, or even the logging road, would diminish the desirability of the area for building a
 
 *1142
 
 house. Based on Burns’ testimony |nand the timber value attributed to the shortest route by Dickerson’s timber expert, Coon seeks damages in the amount of $16,891.43.
 

 Dickerson’s expert appraiser, Richard K. Moore, could not come up with any damages or calculate any loss to Coon’s property from use of a right of passage along the shortest route, or even the logging route. He believed there to be enough acreage in the area of the crown to have a home site set back from the roadway. Thus, any damage from use of the right of passage would be minimal.
 

 When expert testimony differs, the trial court must determine the more credible evidence.
 
 ScenicLand Const. Co., LLC v. St. Francis Medical Center, Inc.,
 
 41,147 (La.App.2d Cir.7/26/06), 936 So.2d 247. The effect and weight to be given to expert testimony depends on the underlying facts and rests within the broad discretion of the trial court.
 
 Id.
 
 In deciding to accept the opinion of one expert and reject the opinion of another expert, the trial court can virtually never be manifestly erroneous.
 
 Id.; Fox v. Fox,
 
 97-1914 (La.App.1st Cir.11/6/98), 727 So.2d 514,
 
 unit denied,
 
 99-0265 (La.3/19/99), 740 So.2d 119.
 

 By denying damages, the trial court must have accepted the expert appraisal testimony offered by Moore and rejected Burns’ testimony. This finding is supported by
 
 Greenway, supra.
 
 Burns’ assessment of damages was based on his view of the right of passage as a taking for which compensation is due rather than as the exercise of a limitation on ownership that already burdened Coon’s property. The trial court could have reasonably credited Moore’s opinion that there would be sufficient acreage |12for both a home-site and roadway in the area of the shortest route and that there would bé no damage resulting from use of the right of passage. Also, Burns improperly valued the right of way by comparison with sales of easements. La. C.C. art. 689 refers to indemnification for damages that may be occasioned; it does not provide for compensation to the owner of the servient estate for the right of passage.
 

 Though we find no error in the trial court’s failure to award damages based on the testimony of Coon’s appraiser, we do find that the record establishes damages in the amount of $291.43 based on the value of the timber that will have to be removed from the area of the servitude. We find that this amount, $291.43, should have been awarded to Coon, and amend the trial court’s judgment accordingly.
 

 CONCLUSION
 

 For the reasons explained, we affirm the judgment of the trial court fixing the servitude of passage along the shortest route. We amend the judgment to award damages of $291.43 for the removal of timber in the area of the passage. Each party is to bear his own costs on appeal.
 

 AMENDED IN PART, and AFFIRMED AS AMENDED.