# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 15-725


HARVEY ALTEMUS

VERSUS

HELEN JEANNE BOUDREAUX, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 80675
HONORABLE EDWARD M. LEONARD, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
### CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and David Kent Savoie, Judges.

**AFFIRMED.**


**Randy Paul Angelle**
**Boyer, Hebert, Abels & Angelle**
**401 E. Mills Avenue**
**Breaux Bridge, LA 70517**
**Telephone: (337) 332-0616**
**COUNSEL FOR:**
**Plaintiff/Appellee - Harvey Altemus**

**Henry Camille Perret, Jr.**
**Perret, Doise**
**P. O. Box 53789**
**Lafayette, LA 70505**
**Telephone: (337) 593-4900**
**COUNSEL FOR:**
**Defendants/Appellees - Michael Marks and Phyllis Marks**

**Keith Edward Thibodeaux**
**422 South Main Street**
**St. Martinville, LA 70582**
**Telephone:  (337) 394-3034**
**COUNSEL FOR:**
	**Defendants/Appellants - Helen Jeanne Boudreaux, et al.**

**James D. "Buddy" Caldwell**
**Attorney General**
**Candice L. Rogers**
**Ryan M. Seidemann**
**State of Louisiana, Department of Justice**
**P. O. Box 94005**
**Baton Rouge, LA 70804-9005**
**Telephone:  (225) 326-6085**
**COUNSEL FOR:**
	**Defendant/Appellee - State of La., Div. of Admin., State Land Office**

**THIBODEAUX, Chief Judge.**

Helene Jeanne Boudreaux, Faye Guidry Hebert, Shelby Guilbeau, and Michael Kidder, D/B/A Kidder Corporation (collectively "Appellants") appeal a trial court judgment granting Harvey Altemus a predial servitude of passage across Appellants' property and declining to award damages. Mr. Altemus owns property in St. Martin Parish that is bordered by a public borrow canal on one side but is otherwise surrounded by land of others. Since 1974, Mr. Altemus has accessed his property by using a thirty-foot-wide wood trail ("the wood trail") that crosses property now owned by Appellants. That use ended when Appellants erected a fence across the wood trail and put up "No Trespassing" signs.

Mr. Altemus filed a petition for a declaratory judgment to establish a right of passage over Appellants' property and property belonging to the State of Louisiana ("the State") and Michael and Phyllis Marks ("Marks"). Before trial, Mr. Altemus signed Joint Stipulation and Consent Judgment agreements ("Consent Judgments") with the State and Marks giving him permission to use the wood trail where it crossed their property. Evidence of the Consent Judgments was introduced after the trial court denied Appellants' Motion in Limine and Motion to Strike ("Motion").

After a trial on the merits, the trial court granted Mr. Altemus "a thirty (30") [sic] foot right of way and predial servitude of passage, known as the wood trail" across Appellants' property. The court declined to award damages to either party. For the following reasons, we affirm the judgment of the trial court.

## I.

## ISSUES

We are entreated to decide:

1. whether the trial court erred in granting Mr. Altemus a predial servitude over Appellants' property;

2. whether the trial court erred in denying Appellants' Motion; and

3. whether the trial court erred in declining to award damages to Appellants.

## II.

## FACTS AND PROCEDURAL HISTORY

Harvey Altemus is a co-owner in indivision of property in St. Martin Parish known as the Ovide Daigle, Sr., Estate ("the Daigle tract"). The Daigle tract abuts a public borrow canal but is otherwise completely surrounded by land belonging to Appellants, the State, and Marks. The Daigle tract has no direct access to Herman Dupuis Road, the public road nearest to the property, other than via the canal.

Atchafalaya Land Corporation ("Atchafalaya") owned the property before conveying it to Appellants and the State. Beginning in 1974, Mr. Altemus was permitted to park on Marks's property and access his property via a thirty-foot-wide wood trail that crossed Atchafalaya's land. In 1998, Mr. Altemus learned of Atchafalaya's plans to sell or donate the property surrounding the Daigle tract to the State. On May 1, 2000, Mr. Altemus and Atchafalaya executed an "Access Permit" that gave Mr. Altemus permission to continue using the wood trail to access the Daigle tract. The Access Permit was not recorded in the public records. Atchafalaya then transferred land abutting the Daigle tract to the State.

2

Atchafalaya also sold several parcels of the land bordering Herman Dupuis Road to Appellants or their ancestors in title. The sale to Appellant Boudreaux and her ancestors in title included reference to a "30' [sic] Right-of-Way and Servitude of Passage herein specifically and by operation of law reserved by the State of Louisiana as the dominant estate for the use by the general public[.]" The sales to Appellants Kidder Corporation, Guilbeau, and Hebert were made "subject to all easements, servitudes, restrictions, and rights-of-way of record and existing at the time of the execution of this sale."

Mr. Altemus continued using the wood trail after the land was transferred. In 2010, Appellant Boudreaux met Mr. Altemus for the first time on the wood trail and afterward asked the State to cancel the Access Permit. The State complied and sent Mr. Altemus a letter cancelling the permit. Mr. Altemus then discovered that the Access Permit had never been recorded; he recorded it sometime in 2011. After the State cancelled the Access Permit, Appellant Boudreaux put up a fence where the wood trail crossed her property, blocking Mr. Altemus's access to his property. Appellants Hebert and Guilbeau posted "No Trespassing" signs on their property, blocking entrance to the wood trail.

Mr. Altemus filed his first Petition for Declaratory Judgment and for Damages ("Petition") on September 4, 2013, naming Appellants and the State as defendants and seeking recognition of a "30 foot apparent servitude" and damages for interference with Mr. Altemus's use of the servitude. Marks was joined in the suit when Mr. Altemus filed the "Second Supplemental and Amended Petition for Declaratory Judgment, for Damages, and in the Alternative, for a Right of Passage." Appellants responded that Mr. Altemus was entitled to neither an enclosed estate servitude nor a servitude by acquisitive prescription, and that the

3

Access Permit did not establish a conventional predial servitude. The State and Marks, however, entered into Consent Judgments with Mr. Altemus. In response to those agreements, Appellants filed the Motion,[1] which sought to strike the "execution, filing, recordation and/or as presentation of evidence" of the Consent Judgments.

After a trial on the merits, the court granted Mr. Altemus a "a thirty (30") [sic] foot right of way and predial servitude of passage, known as the wood trail" across Appellants' property. In its Reasons for Judgment, the trial court indicated that the Daigle tract was an "enclosed tract" within the purview of La.Civ.Code art. 689 and that the estate had been sold to Appellants "subject to a … servitude of passage, thus creating a predial servitude of passage both legal and acquired by title." Appellants filed a timely appeal, asserting that the trial court erred in granting Mr. Altemus any servitude, denying Appellants' Motion, and failing to award Appellants damages under La.Civ.Code art. 689.

III.

## LAW AND DISCUSSION

### Granting of a Predial Servitude

Appellants argue that the trial court erred in granting Mr. Altemus a predial servitude over Appellants' property. Specifically, Appellants contend: 1) Mr. Altemus's property did not need passage over Appellants' property as an enclosed estate because there was suitable alternate access; 2) Mr. Altemus did not

---

[1] Appellants in fact filed two versions of the Motion. The first addressed the Consent Judgment between Mr. Altemus and the State. The second Motion, which was filed simultaneously with Appellants' "Answer to First and Second Supplemental and Amended Petition for Declaratory Judgment, for Damages, and in the Alternative, for a Right of Passage," addressed the agreement between Mr. Altemus and Marks. For the sake of simplicity, and because the parties do the same in brief, we will address the two versions as a single Motion.

4

obtain a servitude through acquisitive prescription; and 3) Appellants did not acquire their property subject to a conventional predial servitude.

Appellants contend that since Mr. Altemus's property can be accessed by a public borrow canal, there is no reason to burden Appellants' property with a servitude. Louisiana Civil Code Article 689 provides that "[t]he owner of an estate that has no access to a public road or utility may claim a right of passage over neighboring property to the nearest public road or utility." That right of passage "generally shall be taken along the shortest route from the enclosed estate to the public road or utility at the location least injurious to the intervening lands." La.Civ.Code art. 692. The estate providing the shortest route to the nearest public road must provide the right of passage unless that route is covered by water or is otherwise not accessible year-round, or the costs associated with that route make it economically unfeasible. *May v. Miller*, 06-418 (La.App. 3 Cir. 10/11/06), 941 So.2d 661, *writ denied*, 07-9 (La. 3/9/07), 949 So.2d 443 (citing *Davis v. Culpepper*, 34,736 (La.App. 2 Cir. 7/11/01), 794 So.2d 68, *writ denied*, 01-2573 (La. 12/14/01), 804 So.2d 646 (citations omitted)). The trial court's choice of route connecting an enclosed estate to the public road is reviewed for manifest error. *Id.*

Here, the trial court granted Mr. Altemus a predial servitude of passage over the wood trail on the basis that "the Daigle tract is an enclosed estate." Appellants do not contend that the wood trail is not the shortest route between Mr. Altemus's property and Herman Dupuis Road. Instead, Appellants argue that since the public borrow canal is less injurious to Appellants' property than the wood trail, the trial court erred in granting a servitude over the wood trail. But, La.Civ.Code art. 689 requires access to a public *road*; access to a public

5

waterway is irrelevant. *Bailey v. McNeely*, 05-629 (La.App. 3 Cir. 12/30/05), 918 So.2d 1124. Moreover, Appellants have not shown that the costs associated with the wood trail make use of it economically unfeasible, nor any other grounds that would warrant a different location for the servitude. Therefore, we cannot find manifest error in the trial court's judgment to grant Mr. Altemus a predial servitude over the wood trail. Having found that the Daigle tract is enclosed and is entitled to a predial servitude under La.Civ.Code art. 689, we need not discuss whether a conventional predial servitude existed or whether a servitude was created by acquisitive prescription.

### Motion in Limine and Motion to Strike

Appellants next assert that the trial court erred in denying their Motion in Limine and Motion to Strike. Appellants argue that the Consent Judgments signed by Mr. Altemus, the State, and Marks "attempt to supplant the exclusive authority" of the trial court to grant enclosed estate servitudes. Appellants filed their Motion in order to strike the "execution, filing, recordation and/or as presentation of evidence" of those Consent Judgments. They argue here that the trial court erred in denying the Motion and failing to include the State and Marks in the judgment creating the predial servitude.

However, Appellants may not attack the Consent Judgments through an appeal of a collateral judgment. An appeal is not the appropriate remedy to obtain relief from a consent judgment. *Lee v. Marksville Ford L/M, Inc.*, 99-405 (La.App. 3 Cir. 5/19/99), 741 So.2d 122. Furthermore, unless a consent judgment is an absolute nullity, it cannot be attacked collaterally, and may only be set aside by a direct action. *Chapin v. Federal Transp. Co.*, 70 So.2d 189 (La.App. 3 Cir.

6

1953). Consent judgments have the same force of law between the parties as a judgment resulting from a judicial determination after a trial on the merits. *Plaquemines Parish Gov't v. Getty Oil Co.*, 95-2452 (La. 5/21/96), 673 So.2d 1002. A consent judgment is, therefore, only an absolute nullity if it is rendered:

> (1) Against an incompetent person not represented as required by law.
>
> (2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
>
> (3) By a court which does not have jurisdiction over the subject matter of the suit.

La.Code Civ.P. art. 2002. The list of grounds for absolute nullity is exclusive. *Miccol Enters., Inc. v. City of New Orleans*, 12-864 (La.App. 4 Cir. 12/19/12), 106 So.3d 746 (citing *Hebert v. Hebert*, 96-2155 (La.App. 1 Cir. 9/19/97), 700 So.2d 958). Appellants' statement that the Consent Judgments "attempt to supplant the exclusive authority of the District Court . . . to award an enclosed estate servitude" does not show that the agreements fall under any of the above grounds for absolute nullity. Since Appellants have not shown that the Consent Judgments are absolutely null, they cannot contest the validity of the Consent Judgments in this appeal of a separate judgment.

Moreover, Appellants cannot disrupt any contract to which they are not parties. "A consent judgment is a bilateral contract wherein parties adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing hope of gain against fear of loss." *Plaquemines Parish Gov't*, 673 So.2d 1002. Contracts have no effect on third parties unless provided by law. La.Civ.Code art. 1985. Here, Mr. Altemus executed a contract in the form of a

7

consent judgment with the State, and another with Marks. Neither contract is enforceable against the Appellants; it does not affect them at all. Appellants, therefore, cannot attempt to intervene in these contractual relationships.

Finally, even if Appellants were permitted to collaterally attack an agreement between third parties, they have stated no support for their interpretation of La.Civ.Code art. 689. Appellants contend that La.Civ.Code art. 689 allows only a trial court to create a servitude for an enclosed estate and, therefore, precludes Mr. Altemus, the State, and Marks from creating a servitude by consent judgment. Appellants rely on *Avoyelles Parish School Bd. v. Bordelon*, 11-126 (La.App. 3 Cir. 10/5/11), 77 So.3d 985, but that case speaks to La.Code Civ.P. art. 641, which requires the joinder of indispensable parties in an action. It says nothing about the inclusion of those parties in a final judgment or the exclusive authority of a court to create any servitude. *Id.* Indeed, owners of land surrounding an enclosed estate are free to establish a servitude by title, even if only given because of a legal right. *Brian v. Bowlus*, 399 So.2d 545 (La.1980). Appellants' interpretation of La.Civ.Code art. 689 would go against established public policy of encouraging parties to settle. *Domingue v. Luke Fruge, Inc.*, 379 So.2d 490 (La.App. 3 Cir. 1979), *writ denied*, 383 So.2d 12 (La.1980). There would be no incentive for the owner of an enclosed estate to settle and enter into a consent judgment with the owner of a surrounding estate if, as Appellants suggest, an enclosed estate servitude may only be granted in its entirety by the court. Parties like Mr. Altemus who own estates lacking access to public roads must be able to enter into consent judgments with opposing parties—and avoid unnecessary litigation—without forfeiting a legal right of passage over the land of less conciliatory parties.

8

Because Appellants have stated no grounds on which they may disrupt the Consent Judgments, their Motion was properly denied.

**Damages**

Finally, Appellants assert that even if the trial court did not err in granting the enclosed estate servitude, it erred in failing to award Appellants damages. Appellants point out that the owner of the estate benefiting from an enclosed estate servitude is "bound to compensate his neighbor for the right of passage acquired." La.Civ.Code art. 689. We review a trial court's decision on damages for abuse of discretion and note that the trial court has vast discretion in determining whether to award damages. *Miller v. LAMMICO*, 07-1352 (La. 1/16/08), 973 So.2d 693. Moreover, the owner of the estate servient to the enclosed estate must prove the amount of damage resulting from the servitude of passage. *Phillips Energy Partners, LLC v. Milton Crow Ltd. P'ship*, 49,791 (La.App. 2 Cir. 5/20/15), 166 So.3d 428, *writ denied*, 15-1396 (La. 10/2/15), __ So.3d __ (citing *Dickerson v. Coon*, 46,423 (La.App. 2 Cir. 8/10/11), 71 So.3d 1135). Here, however, Appellants presented no evidence that the servitude has caused any damage to their property, and there is nothing in the record indicating that damage occurred. Without any evidence on the existence or extent of damages, we cannot find that the trial court abused its discretion in failing or refusing to award Appellants damages.

9

IV.

## **<u>CONCLUSION</u>**

The judgment of the trial court is affirmed.  Costs of this appeal are assessed to the appellants, Helene Jeanne Boudreaux, Faye Guidry Hebert, Shelby Guilbeau, and Michael Kidder, D/B/A Kidder Corporation.

**AFFIRMED.**