## MILLER v. THOMPSON.

Wherever a tract of land is entirely surrounded by other estates, whether they belong to one
  or more proprietors, and there is no way from it to a public road, the law gives the owner an
  absolute right to a servitude of way, which must be generally taken on the side nearest to
  the public road (C. C. 696, 697); and this rule should only be departed from for weighty consi-
  derations.   But the most direct course may be deviated from in the construction of the road,
  with a view to render the servitude less onerous to the land over which the road is laid out;
  and the proprietor of the land over which it passes is entitled to indemnity for the injury
  sustained by him from its construction.

A PPEAL from the District Court of St. Mary, *Voorhies,* J.   *Nicholls* and
    *Brent,* for the plaintiff.   *Magill* and *Gibbon,* for the appellant.   The
judgment of the court was pronounced by

KING, J.   The plaintiff has instituted this action to compel the defendant to
grant him a right of way over his land to the public road.   The jury to which
the cause was submitted gave a verdict in favor of the plaintiff, granting him the
right of way claimed, and awarding $460 as the indemnity to be paid to the
defendant,   From the judgment rendered upon this verdict, the defendant has
appealed.   The defendant resists the plaintiff's claim: *first,* on the ground
that his lands do not enclose the plaintiff's on all sides; *secondly,* that the plain-
tiff may procure, elsewhere, a way equally convenient to himself, and less inju-
rious to other proprietors; and *thirdly,* that the plaintiff has failed to show a
necessity for the right of way claimed.   The plaintiff prays that the judgment
may be amended, by granting him a road still more direct, and by reducing the
damages.

The land of the plaintiff, for which the right of way is asserted, is entirely sur-
rounded by lands of other proprietors, rendering access either to the public

MILLER
*v.*
THOMPSON.

road or to the bayou Têche impracticable, without passing over the lands of his neighbors. It is true that the defendant is not the proprietor of all the surrounding tracts. But neither the text, nor the spirit of the articles of the Code involved, require that the proprietor, from whom the right of passage is claimed, should be the owner of all the lands which enclose the estate claiming the servitude. This is clear from article 696, which provides that, "the owner of the estate which is surrounded by other lands, has not the right to exact the right of passage from *which of his neighbors* he chooses," evidently contemplating that the right may be claimed for an estate enclosed by several different proprietors. The terms of the succeeding article, (697) leave the point equally free from doubt. The reason and policy of the law in both cases are the same, and would require this interpretation even if the language of the text were less explicit.

The right of the plaintiff to the servitude claimed, depends, as has been correctly urged, on its being made to appear that a necessity exists for a way to a public road. That necessity is established when he shows, as has been satisfactorily shown by the evidence, that he is enclosed by other estates, and has no exit to the public road. These facts appearing, the law grants absolutely the right, and prescribes the manner in which it is to be exercised. The 696th article of the Code declares that, "the passage shall be generally taken on the side where the distance is the shortest from the enclosed estate to the public road; nevertheless, it shall be fixed in the place the least injurious to the person on whose estate the passage is granted. Toullier, commenting upon the corresponding article of the Napoléon Code, says, the rule which grants the shortest road ought only to be departed from for weighty considerations. The evidence shows that the nearest point of the plaintiff's land to the public road is about a mile and an half distant. The road, which the defendant insists shall be given, is three and three-quarters miles in length, passing over the lands of various proprietors, not parties to this suit, but subjecting the defendant to less inconvenience. The jury established the right of way upon the former, deviating slightly from the most direct course, with a view of rendering the servitude less onerous to the defendant, and we are not prepared to say that they erred. If they had indicated the longer road, the plaintiff would have been driven to claim a right of way from other proprietors whose land it traverses, who would probably have resisted his demands, and we are not prepared to say unsuccessfully, on the ground that a much shorter passage to the public road could be obtained over the lands of the defendant. 3 Toul. sec. 548.

At the same time that the shortest way has been granted, the jury have paid due regard to the rights of the defendant, by fixing it on the side line of his land, where it will be least injurious.

Under the evidence, we do not consider the sum awarded by the jury to indemnify the defendant, unreasonable.        *Judgment affirmed.*