### PAUL POUSSON v. WIDOW PORCHE.

The right of expropriating a right of way over a neighbor's property should never be allowed, except in case of extreme necessity ; and where a party can make a road on his land leading to the public road he should be required to do so. C. C. 695.

APPEAL from the District Court of Pointe Coupée, *Burk*, J.  *G. S. Lacey*, for appellant, *J. M. Brunot*, for appellee. The judgment of the court was pronounced by

Pousson
*v.*
Porche.

Preston, J. The plaintiff alleges, that he is the owner of a tract of land, which he cultivates as a cotton plantation, in the rear of the plantations fronting upon Fausse river; that he cannot pass to the public road on that river without passing over one of the front plantations; that there is a private road on the upper part of the defendant's plantation, which the proprietors in the rear have used for thirty years, and that there is no other place in the neighborhood by which his plantation is surrounded, by which he can pass and repass to the public road. He alleges that she has forbidden him to pass through her road : he claims the right of doing so, and enjoins her from obstructing him.

The plaintiff has not made out a clear case for relief, under articles 695 and 696 of our Civil Code, even at the institution of his suit. But, since its institutisn, he has purchased from *Euphrosine Robellard, Widow Olinde*, a tract of land fronting on the public road, on Fausse river, which affords him a shorter route to the public road through his own land than over that of the defendant.

The plaintiff, however, contends and proves, that it would be very expensive and inconvenient to make a passable road over his own property : still, as it is possible, he should be required to do so, and pass that way. The right of passing over the defendant's property, is the forced expropriation of a participation in what belongs exclusively to her. This should never be done except in cases of extreme necessity. Toullier says so, expressly; and adds, that the inconvenience of passing over one's own property, though extreme, will not be a sufficient reason for forcing a neighbor to yield a passage over his. And the Court of Appeals of Lyons, in considering the article of the Napoleon Code corresponding with article 695 of our code, recommended that the right of passage to a public road, accorded to a farm, enclosed by others, should be suppressed, if the enclosed farm should subsequently be united to one bounded by the public road. These circumstances, precisely, have occurred in the present case.

A case might occur in which the expense and inconvenience of making a passage over one's own land, would be so great, compared with the inconvenience to a neighbor of a passage over his, as to induce the courts to except it from the principles inculcated by Toullier and the Court of Appeals of Lyons. But a case so extreme is not presented by the plaintiff. And it is not necessary to consider the case put by Duranton, vol. 5, p. 435, of a right of passage established by judgment, as it does not exist in the present case.

The judgment of the district court is therefore affirmed, with costs.