No. 1460.—Theodora·Theresa Perry *v.* Margaritta Webb.

The right of expropriating a right of way over a neighbor's property cannot be allowed, except in cases of extreme necessity, and where a party can make a road or passage over his own lots to the public streets, he must be required to do so. C. C. 695.

APPEAL from Second District Court of New Orleans, *Thomas*, J. *Collens & Wooldridge*, for plaintiff and appellant, *J. M. Dirrhammer*, for defendant and appellee.

Wyly, J. Plaintiff sues for a passage from her property over defendants property to Washington avenue.

The defense is a general denial and the prescription of ten years.

There was judgment for defendant and plaintiff has appealed.

In 1852 the husband of the plaintiff acquired a lot of ground in a square that was surrounded by other lots then vacant, and for a time passed over the lots owned by the defendant. Subsequently this passage was closed; and in 1861 the plaintiff bought from William Lange the lots contiguous to her own, fronting on Music street.

Ever since said purchase plaintiff has had access to her property by passing over her own lots.

The value of the property would be the same, according to the evidence, whether it had a passage over plaintiff's own property to Music street or over the defendant's property to Washington Avenue. It is certain that the plaintiff has for many years been using the passage over her own property, and has not apparently suffered any detriment by the closing of the passage over the defendant's property.

This case is analagous to that of Pousson v. Perché, 6 A. 119, in which it was held that, "the right of passing over the defendant's property is the forced expropriation of a participation in what belongs to her. This should never be done except in cases of extreme necessity." Article 695 of the Civil Code gives the proprietor, whose estate is enclosed, and who has no way to the public road, a right to demand a passage over the estate of his neighbor.

We cannot perceive any right of the plaintiff to set up such a demand, she having already access to her property over her own lots on Music street.

It is therefore ordered that the judgment appealed from be affirmed with costs.

Rehearing refused.