MERCER v. DAWS et al.

No. 5822.

Court of Appeal of Louisiana.
Second Circuit.

Jan. 10, 1939.

Rehearing Denied Feb. 6, 1939.

878

Vinson M. Mouser, of Columbia, for appellants.

Cameron C. Minard, of Columbia, for appellee.

DREW, Judge.

In this case the lower court has favored us with written reasons for its judgment in which the issues are correctly stated, the finding of facts set out therein is clear and, in our opinion, the conclusions reached are correct. They are as follows:

"Plaintiff seeks by this suit a right of passage on the properties of defendants from his estate to the public road. A public road runs practically east and west across the property of the Reitzell heirs and the part of their property in question is on the south side of said public road. South of and adjoining the Reitzell property, is 40 acres owned and resided upon by defendant, Daws, and the estate of plaintiff is south of and adjoins the Daws forty.

"A passageway has been used for many years for plaintiff's estate over the east side of the Daws forty and thence over the Reitzell property for a distance of about 85 yards to the public road. This seemed to be the only outlet from plaintiff's estate to the highway.

"Objection was made by some of the defendants to continuing the use of this passageway and, in order to stop the use of same by plaintiff, a temporary fence was built across said passageway at the point where it connected with the public road. Then plaintiff brought this suit to have a passageway established from his property to the public road and asked that the present passage be decreed a passageway, and that defendants be enjoined from interfering with his use of same.

"A temporary restraining order was granted but lapsed without action and no temporary writ of injunction was granted before the case was tried on the merits. Under the facts and law plaintiff is not entitled to a writ of injunction.

"Defendant Daws has made no defense to plaintiff's suit. In fact, as a witness on the stand, he stated that he was willing for the passageway to be located on the east side of his forty involved as it has been used for many years and for which he would make no charge. The real contest, therefore, is between (plaintiff) and the Reitzell heirs over their land covering a distance of about 85 yards from the Daws land to the public road.

"Reitzell defendants contend the passageway now crosses a ridge of their land on the highest point and destroys a valuable building location that they sometime may want to use. They contend further that plaintiff may get to the public road by going over the north side of his property to the northwest corner and thence over the west side of the Daws forty to the public road since the northwest corner of the Daws forty touches the public road and by this route would not be required to pass over the Reitzell property at all. They also further contend that a passageway may be established on the east side of the Daws property, as now is, and at the northeast corner turn west to the northwest corner, and there enter the public road without going on the Reitzell property, or if not continue on the Daws property to the public road, it may leave the Daws property at the foot of the hill and turn across the Reitzell property to the public road.

· "While the evidence was being received, request was made by both counsel for plaintiff and the defendants for the trial Judge to view the property and the different routes suggested and, in company with plaintiff, his attorney, the attorney for defendants and defendant Daws, who was not represented by counsel, we went on the properties involved and walked over all the suggested routes for a passageway.

"The passage plaintiff seeks from his estate to the public road is as the evidence shows, the shortest distance and most direct route from plaintiff's estate to the public road by about 350 or 400 yards. It passes over ground that may be used during all seasons of the year for passage of both pedestrian and vehicular traffic. The route over the north side and to the northwest corner of plaintiff's estate and thence over the west side of the Daws property to

the public road crosses two branches and passes over ground for a considerable part of the way that would require elevation and drainage to be passable for vehicular traffic, at least during some seasons of the year, and would require the building and upkeep of at least two bridges. The route on the east side of the Daws property and thence west on said property to the public road would require elevation and drainage and bridges along a portion of the route after turning west before reaching the public road. A branch passes diagonally across the northwest corner of the Daws forty and makes the approach to the public road from either the west or south difficult. From either direction the branch bottom or swamp would have to be elevated and drained and a bridge built across the branch. The suggested route to leave the Daws property on the north side at the foot of the hill and just before reaching the swamp or lowland of the branch and turn across the Reitzell property would, from our observation, be an impracticable route or passageway because of the sharp decline of the hill, over which the passageway would have to be built, or at the bottom of the hill next to the branch swamp, either of which routes would not be as feasible as a more direct route on more level ground.

"We likewise viewed a route east of the presently used passage from the northeast corner of the Daws property to the public road over the Reitzell property which, if adopted, would place the passage further on the Reitzell property and apparently from our observation, made it more injurious to the Reitzell estate than the present location.

"West of the present passageway, on the Reitzell property and beginning a short distance from said passage, a rather sharp decline begins and extends to the branch bottom which we have just described, and there is not room enough on the level ground to build a settlement or even a residence, but on the east side of the passage over the Reitzell property there appears to be ground practically level and sufficient in quantity on which to build a residence. If such should be built, our observation was that the passageway as now used on the Reitzell property would be less injurious to said estate and more serviceable as a passageway from the public road than if located farther west on the hill-side or at the bottom of the hill next to the branch swamp.

"As the evidence shows, the ground over which the passageway is sought is suitable for building a residence and one may be placed on the ground between the Daws property and the public road, if defendants should so desire. The approach from the highway onto the Reitzell property is up-grade several feet and this approach has apparently been used for so many years until there is quite a slope cut out of the hillside down to the public road, and this would most likely be altered in some way if a residence should be built on this ground and thereby change the passage from the highway to the residence. On account of the difficult approach from the public road a change would, it seems, make a less convenient situation for the Reitzell estate if a change should be made from the present passage.

"Plaintiff has no right to exact a right of passage from which of his neighbors he chooses. The court must consider distance, least injury to person on whose estate the passage is granted, and it should be the most practicable way. Even after the way is located, the person to whom it is granted cannot change it, but he who owes the passage may change it from one place to another, in order that it may be less inconvenience to him, and provided the owner of the servitude may be afforded the same facility.

"If defendants should ever build a home on the land over which a passage is now being used and even after the court should adopt it as a passageway for the estate of plaintiff, then defendants would have the right to build such home on their property by providing plaintiff with passage affording him the same facilities. The establishment of passage over the estate of one does not take the property from him nor deprive him of the use of same, but does guarantee to the estate in whose favor the passage is, granted a right to pass over the estate at some point to the public road.

"Plaintiff's estate is surrounded. He has no passage to the public road and the law entitles him to a way over some estate. The evidence and our personal examination of the premises lead us to believe that defendants,—not one but all of them—owe a right of passage to plaintiff's

estate, defendant Daws over the east side of the forty acres involved and the Reitzell heirs over their property, as now located and used. This route is found to be the shortest, most practicable and injures the owners of the estates as little as any of the other routes shown.

■ "If the Reitzell heirs ever desire to build a home on the ground over which the right of passage is now being established and which has been used for many years in the past, they are not prohibited from doing so, under Article 703 of the Civil Code of Louisiana. However, the court must adjudge the amount of damage occasioned by recognizing this long used passage as a right of passage in favor of the estate of plaintiff. Since the right of defendants to build on the land over which the passageway is recognized is not destroyed, value as a building place should not become an element of damages. Value of the property is not shown to be depreciated by this passageway because some of the witnesses testified that they had refused $20.00 per acre for this land and the passageway was being used over it then as is now fixed. In order to make the best possible adjustment under the evidence on damages sustained, the court awards an amount of $30.00.

"There will be judgment in favor of plaintiff as prayed for and awarding the Reitzell heirs damages in the amount of $30.00; defendants to pay all costs of court.

"Cas Moss, Judge."

The Reitzell heirs have appealed.

■ Owners of the estate now owned by plaintiff have used the passageway found by the lower court to be the one it is entitled to, by common consent and without complaint, for more than thirty years, and the reason for the sudden closing of said passageway by the Reitzell heirs is not made apparent from the record. They contend that the lower court, in measuring the shortest distance from plaintiff's estate to the public road, used plaintiff's residence as a starting point and not the nearest point of the estate to the road.

We think their contention in this respect is true, however, that was not the principal or real reason given by the lower court for its decision. It took into consideration the impracticability of a road from the closest point of plaintiff's estate to the public road and the excessive cost of constructing a road from that point. It can not now be seriously contended that Articles 699 and 700 of the Revised Civil Code are to be so strictly construed as not to allow any deviation from the literal words thereof under any condition. If so, there are many instances where the cost of an outlet would exceed many times the value of the estate. A practicable and sensible construction was given these Articles by the lower court.

In the case of Bandelin v. Clark, 7 La. App. 64, the court said:

"In Littlejohn v. Cox, 15 La.Ann. 67, the court, in passing on a case of this character, has not confined itself to the issue of 'least injury' to the person on whose estate the passage is granted. In referring to such a person, the court said:

" 'At the same time that due regard will be paid to his interests, and even to his convenience in the premises, the court will keep in view the rights which the law intends to secure to the opposite party'.

"In that case, the court departed from the strict letter of the Code, broadened its meaning so as to embrace within its terms, matters affecting the 'convenience' of the owner of the subservient estate. In this case defendant complains that the right-of-way granted by the court is extremely inconvenient to him. Much testimony was taken on this point, but the preponderance shows that his convenience will not be materially affected by the selection of the way along the old lane which for so many years had been used by common consent, and without complaint.

"In the case above cited, the court also said:

" 'The defendants cannot exact that an extremely circuitous, impracticable and expensive route should be taken by the plaintiff, because it may happen to be less burdensome to the former.'

"The proof does not show here that the route along the western line of defendant's property would be more circuitous, but it does show, that it would be far more impracticable, and expensive, than through the lane where it was fixed by the court. We find, as was found in the case cited, that the location as made by the District Judge meets the law and equity of the case."

This expression, we think, fits the case at bar and the opinion of the lower court is correct and it is affirmed, with costs.