44 So.2d 704 (1950)
ESTOPINAL
v.
STORCK'S ESTATE et al.
No. 19049.
Court of Appeal of Louisiana, Orleans.
February 27, 1950.
*705 Thomas Furlow and Emmet Alpha, New Orleans, for plaintiff and appellee.
Jones, Flanders, Waeghter & Walker and William B. Dreux, New Orleans, for defendant and appellee Estate of Dr. Jacob A. Storck.
J. J. Jackson, New Orleans, for defendant and appellant, Mrs. Emma E. Foster, widow of Edward Matt.
McBRIDE, Judge.
Plaintiff, Richard Estopinal, is the owner of certain land in the Parish of St. Bernard in the rear portion of what, with the front portion, once was a single tract owned by Judge Albert Estopinal. Plaintiff acquired the rear portion of the tract from Judge Estopinal on August 27, 1937. On the east side of the original Estopinal tract is the land of Dr. Ambrose H. Storck and Mrs. Elsa Storck Taylor, heirs of Dr. Jacob A. Storck. On the west side of the Estopinal tract is the land of Walter Cure. All three of the tracts, when the center one was owned by Judge Estopinal, fronted on Bayou Terre aux Boeufs. Along that side of the bayou is an unimproved public road which leads to a bridge which crosses the bayou in front of the Storck property, which bridge affords access to an improved state highway paralleling the bayou on the other side.
Judge Estopinal disposed of his tract of land by two conveyances. In 1936 he transferred the front part of the tract (which fronts on the bayou) to the Home Owners' Loan Corporation, and eventually Mrs. Edward Matt acquired this front portion. The retained rear portion of the original tract remained in the ownership of Judge Estopinal until 1937, when it was transferred to plaintiff, Richard Estopinal. The rear portion, after the sale of the front portion as aforesaid, was completely enclosed.
It is obvious that Richard Estopinal has no outlet or right-of-way by which he can reach the local or unimproved road, and by it reach the bridge, and by means of the bridge to cross the bayou and get to the improved highway on the other side. The object of plaintiff in this suit is to obtain a right-of-way which will afford him such outlet.
Named and cited as defendants were the Storck heirs and Mrs. Emma E. Foster, widow of Edward Matt. Walter Cure was not made a defendant.
In his petition, Estopinal substantially alleges the facts above related, and also avers that he has been unable to purchase a right-of-way either from the Storck heirs or from Mrs. Matt, and that "equitably the property of Mrs. Matt and the property of the Estate of Dr. Jacob A. Storck should be condemned to grant unto petitioner a *706 right of way, the Court to fix the compensation therefor, said right of way to be twelve feet, six feet on each property, the dividing line between said properties being the center of said right of way, or, in the alternative, that the right of way be granted over which ever of the properties the Court should find to offer the shortest route, fixing the compensation therefor."
Plaintiff prayed for judgment against the Storck heirs and Mrs. Matt, determining across which property the right-of-way should be granted, and fixing the compensation to be paid to the owner of the tract across which the right-of-way should be established.
The Storck heirs filed an exception of no cause of action, contending that the suit as against them should be dismissed. Mrs. Matt answered denying that any attempt had been made by Estopinal to purchase a right-of-way from her, and denying also that plaintiff is entitled in any event to a right-of-way across her property, contending that since her property is improved and fully utilized it would be very damaging to it should a right-of-way be established across it.
The exception filed by the Storck heirs was referred to the merits of the case.
At the outset of the trial below, it was called to the attention of the court that in another proceeding the heirs of Dr. Storck had filed an action in boundary against Mrs. Matt and Richard Estopinal, seeking to establish the proper boundary line between the Storck property and the property of Mrs. Matt and Richard Estopinal.
After a trial, there was judgment maintaining the exception of the Storck heirs and dismissing the suit as to them. The judgment was also in favor of Richard Estopinal granting him a right-of-way across the property owned by Mrs. Matt, but the judgment did not provide that Mrs. Matt should be compensated.
Referring to the pending boundary suit, the judgment recites:
"And the Court considering, further, the stipulation entered into by counsel representing plaintiff and defendants, and filed in the record,
"It is further ordered, and adjudged and decreed that the right of way and passage granted to the plaintiff as defined in this judgment, shall be exercised and used by the plaintiff until such time as the true boundary line between the properties of the said Mrs. Emma E. Foster, widow of Edward Matt, and the Estate of Dr. Jacob A. Storck, shall have been judicially determined and fixed by judgment in the boundary suit now pending, bearing the number 3146 of the docket of this court; the permanent location and course of the right of way and passage herein granted to the plaintiff to be changed, if necessary, to conform to such judicially established boundaries, so as to establish said right of way and passage over and through the property of the defendant Mrs. Emma E. Foster, widow of Edward Matt, alone."
Eventually a new trial was granted, and there was a second judgment by which it was decreed:
"Insofar as said judgment of July 7, 1947, does not decide the question of whether or not the right of passage granted to the plaintiff should be gratuitous or for a consideration, which question was not presented to the Court for decision at said time but is now submitted to the Court, and the Court being of the opinion that the request of counsel for the defendant that said original judgment be amended so as to include a decision of that question;
"It Is Now Ordered, Adjudged And Decreed, that a right of way and of passage, as more fully set out in said original judgment, be granted the plaintiff over and through the property of said defendant, and that such right of way and of passage shall be gratuitous."
Mrs. Matt has appealed. Plaintiff failed to appeal from that part of the judgment dismissing his suit against the Storck heirs. It follows, therefore, that the only question before this court is the correctness of the judgment rendered in favor of Richard Estopinal against Mrs. Edward Matt. The Storck heirs have passed out of the case.
In this court, Mrs. Matt, appellant, filed an exception of no cause or right of action, *707 and a plea of prescription, reading as follows:
"1. That the said petition and/or the record made up thereunder does not set up or show a cause or right of action; and
"2. That petitioner's demand for a right of passage over the property of the defendant Matt is and has been prescribed and lost by a non use thereof over a period of more than ten years."
Plaintiff-appellee also filed in this court a document styled "Flea to the Jurisdiction Ratione Materiae." In this document, it is contended that the pendency of the action in boundary makes it impossible for the court to render any other kind of judgment "for the plaintiff except a temporary judgment, for the reason that the permanent fixing of the right of way had to abide the fixing of the property lines of both of the defendants in that case with the Estate of Dr. Storck."
When the matter was called for trial below, it was stipulated by counsel that
"the only issues to be tried are:
"First: The question of whether Plaintiff is entitled to a right of passage over either the Storck property or the Matt property, or both;
"Second, if the Plaintiff is entitled to a right of passage over either the Storck Property or Matt Property or both, then the issue to be decided is as to whether this right of passage shall be located on the Storck property, or the Matt property, or both, subject, however, to the following:
"Regardless of whether this Court decides that the right of passage should be located on the Storck property or on the Matt property or jointly on both properties, when the true boundary between the Storck and Matt properties has been judiciously fixed, the location of the said right of passage on the ground shall be changed, if necessary, to conform to such judiciously established boundaries.
"It is further established that the judgment rendered in this case will recognize the fact that the boundary between the Storck property and the Matt property as well as between the Storck property and the Estopinal property will depend on the outcome of the boundary suit, being number 3146 of the docket of this Court."
We will hereafter discuss the plea to the jurisdiction and comment upon the said stipulations.
The exception of no cause or right of action filed by Mrs. Matt is directed at two things. Appellant argues first that the exception should be maintained, for the reason that plaintiff's petition contains no allegations that the passageway claimed was the only outlet available to the nearest public road, and that it is not averred that plaintiff offered to indemnify Mrs. Matt for damages occasioned by the use of such passageway. Counsel cites in support of this argument the cases of Martini v. Cowart, La.App., 18 So.2d 849, and Mallet v. Thibault, 212 La. 79, 31 So.2d 601.
We readily conclude that the petition contains sufficient allegations that need be made in an action of this kind. In article 8, Estopinal alleges that because of the situation of his property, he does not have the right of egress and ingress to the gravel road and bridge which lead to the public highway, and that this is the only route available to him. It is averred also that he was unable to purchase a right-of-way from defendants, and he prays that the court fix the compensation which may be due them for any right-of-way granted to him by the court.
Appellant further contends that the exception should be maintained because there is testimony in the record demonstrating that Estopinal has in the past utilized, and has available, passage across the Cure property, and that, having that right, he has not the right to a passageway across the Matt property. Our attention is directed to the case of Robinson v. Herring, La.App., 20 So.2d 811, but that case can be deemed inapposite.
Since appellant's exception was filed only in this court, we believe that the entire record may be considered in arriving at a correct decision thereon. The testimony relied upon by appellant shows that trappers on Estopinal's property have passed across the Cure property to and from the road, and it is contended that such *708 evidence fully demonstrates that Estopinal already has an adequate right-of-way across the Cure property, which debars him from claiming passageway across Mrs. Matt's property.
We do not think, merely because Cure, the owner of adjoining property, during the trapping season, suffered trappers from time to time to pass by footpath through his land, that Estopinal's suit should be dismissed.
Article 702, R.C.C. provides:
"A passage must be furnished to the owner of the land surrounded by other lands, not only for himself and workmen, but for his animals, carts, instruments of agriculture, and every thing which may be necessary for the use and working of his land."
There is no disclosure that Estopinal has transported animals, carts, instruments of agriculture, and other things necessary for the working of his land, across Walter Cure's estate.
The exception of no cause of action is unfounded.
The plea of prescription of ten years is based on article 783, R.C.C., which, enumerating the methods in which servitudes are extinguished, provides that one of the means of extinguishment is:
"By prescription resulting from nonusage of the servitude during the time required to produce its extinction."
Articles 789 and 3546 provide that the right of servitude is lost by the nonuse for ten years.
The gist of counsel's contention is that Estopinal, who has owned his property for more than ten years, has lost the right to claim a servitude from Mrs. Matt by nonusage for said period.
The plea of prescription must be overruled.
The right of passage is a discontinuous apparent servitude. R.C.C. arts. 727, 728. It is well settled that such a servitude may be established only by title, or by judicial decree. R.C.C. art. 766; Burgas v. Stoutz, 174 La. 586, 141 So. 67; Wemple v. Eastham, 150 La. 247, 90 So. 637; Baldwin Lumber Co. v. Todd, 124 La. 543, 50 So. 526. We take this to mean that although the owner of the enclosed estate has the right to demand that he be allowed a right-of-way under article 699 et seq., it may be established only by conventional agreement between the owner of the enclosing estate and the owner of the estate enclosed, or by a judgment establishing the right-of-way and fixing the compensation. It is clear from the record that there has never been a title, either by convention or by judgment, establishing a right-of-way in favor of Estopinal, and it is obvious that as a result, since no right-of-way has ever been established by title or judicially, the prescription which might otherwise have commenced to run against the right, certainly is not applicable. Surely, until the servitude of passage comes into existence, the prescription which is here pleaded cannot commence to run. We deem it unnecessary to determine what would be the result in such a case as this, should such a right have been established by convention or by judgment, and then not used for a period of ten years.
In the early case of De La Croix v. Nolan, 1 Rob. 321, the defendant bought a plantation, and in the act of sale it was stipulated that he should give the use of a road along the upper line of his property for the benefit of the plaintiff and the successive owners of the piece of land lying back of his purchase. Defendant contended that the plaintiff had lost his right to this servitude by nonusage, while it was plaintiff's contention that the road had never been delivered to him, and that whereas the road was never located or fixed in any particular place of the front plantation, there could be no loss of servitude by nonusage. The Court said:
"* * * This position would perhaps be correct, were it true that no place had been designated for the exercise of the plaintiff's right. As the proprietor of the estate owing the servitude is bound to fix the place where he wishes it to be exercised, so long as he does not do so, prescription does not begin to run for nonusage. * * *"
*709 Estopinal pitched his suit on R.C.C. arts. 699 and 700, which provide:
Art. 699. "The owner whose estate is inclosed, and who has no way to a public road, a railroad, a tramroad or a water course may claim the right of passage on the estate of his neighbor or neighbors to the nearest public road, railroad, tramroad or water course and shall have the right to construct a road, railroad or tramway according to circumstances and as the exigencies of the case may acquire (require) over the land of his neighbor or neighbors for the purpose of getting the products of his said inclosed land to such public road, railroad, tramroad or water course, or for the cultivation of his estate, but he shall be bound to indemnify his neighbor or neighbors in proportion to the damage he may occasion."
Art. 700. "The owner of the estate, which is surrounded by other lands, has no right to exact the right of passage from which of his neighbors he chooses.
"The passage shall be generally taken on the side where the distance is the shortest from the inclosed estate to the public road.
"Nevertheless, it shall be fixed in the place the least injurious to the person on whose estate the passage is granted."
That suit was founded on the said articles abundantly appears from the allegations and prayer of the petition. Estopinal alleged that defendants should be compensated for whatever passageway he should be granted, and he prayed that the compensation due be fixed in the judgment.
However, in brief and argument, appellee's counsel contend that he owes no compensation for the servitude, because under the circumstances surrounding Judge Estopinal's sale of the front part of his tract and his retention of the enclosed rear part, Richard Estopinal, the present owner of said rear portion, has the right to gratuitous passage across Mrs. Matt's property, under the provisions of art. 701, R.C.C., which provides:
"It is not always the owner of the land which affords the shortest passage who is obliged to suffer the right of passage; for if the estate, for which the right of passage is claimed, has become inclosed by means of sale, exchange or partition, the vendor, coparcener or other owner of the land reserved, and upon which the right of passage was before exercised, is bound to furnish the purchaser or owner of the land inclosed with a passage gratuitously, and even when it has not been sold or transferred with the rights of servitude."
Counsel say that there are no authorities in which this article has been interpreted or applied, and our own research has failed to reveal any.
We cannot at all agree with the strained construction counsel seek to accord to the article. Its unmistakable import is that when one acquires an enclosed estate by means of sale, exchange, or partition, the vendor or other owner of the land reserved, and upon which the right of passage was before exercised, is bound to furnish the purchaser or owner of the land enclosed, by reason of the transfer, with a gratuitous right of passage, even though it had not been sold or transferred with the right of such servitude. In other words, if the owner of a tract of land sells a portion thereof which is enclosed, the vendor would owe to the purchaser a gratuitous right of passage over the property retained.
But, however, to the inverse of that situation the article is inapplicable. The article does not provide that in a case where the owner sells a part of his land and reserves for himself a blocked or enclaved portion, without stipulating for a servitude across the part sold, he can force his vendee to supply him with a gratuitous servitude over the blocking property.
Our opinion is that if in this case a right-of-way over the Matt land is established for Estopinal's benefit, such would flow, not from article 701, which does not control the situation confronting us, but from articles 699 and 700 and Mrs. Matt should be awarded whatever damages the right-of-way may occasion to her.
The trial judge established a twelve-foot right-of-way and passage over and through the Matt property, beginning at the lower line of Estopinal's land where it adjoins and forms the corner of the two tracts, running *710 in the most direct and shortest line to Bayon Terre aux Boeufs.
There was introduced and admitted into the evidence a blue print of a survey of the Storck, Estopinal, and Cure tracts. From a study of the blue print, it would appear that a passageway running along the eastern line of Mrs. Matt's land offers the shortest and most direct route over her property to the unimproved road, but such route might not be the shortest which Estopinal could use. We cannot say, but, possibly a passageway over either one or both of the Matt and Storck lands might furnish the shortest outlet to the road. There is no reason why the owner of a surrounded estate may not claim the right of passage over several estates if the way be the most convenient to him and least burdensome to his neighbors. See Mercer v. Daws, La.App., 186 So. 877.
The trial judge undoubtedly concluded that R.C.C. art. 701 controlled the situation, hence his establishment of the gratuitous servitude entirely over Mrs. Matt's property, but as has already been said, that article has no application to the case.
R.C.C. art. 700 emphatically states that the owner of the enclosed estate has no right to exact the passage from which of his neighbors he chooses. The passageway shall be generally taken on the side where the distance is the shortest from the enclosed estate to the public road, but, nevertheless, it shall be fixed in the place the least injurious to the person on whose estate the passage is granted.
The right-of-way over a defendant's land is the forced expropriation of a participation therein. Pousson v. Porche, 6 La. Ann. 118; Perry v. Webb, 21 La.Ann. 247.
While article 700 enjoins that the servitude shall be fixed in the place least injurious to the owner of the servient estate, the Supreme Court, in Littlejohn v. Cox, 15 La. Ann. 67, departed from the strict letter of the article and said that due regard will be paid to his interests, and even to his convenience in the premises.
Mrs. Matt complains that the right-of-way granted by the court is extremely inconvenient and damaging to her. Uncontradicted testimony shows that the right-of-way as fixed will necessitate the moving of her barn, garage, and chicken house, and the destruction of fruit, pecan, and other trees. The estimate of the damages is $1915.00.
The Matt property has a frontage of 191 feet along the bayou, but there is nothing to show the location of all of the buildings and improvements on the property. Whether another route across her land would occasion less damage cannot be ascertained from the evidence, but, seemingly, if her property is to be subjected to the servitude, out of the frontage of 191 feet, a more practical way, even if a little more circuitous, could be selected which would not entail the moving of buildings and the destruction of valuable trees.
The rule that the way must be generally taken on the side nearest the road should only be departed from for weighty considerations, but the most direct course may be deviated from with a view to rendering the servitude less onerous to the land over which the road is to be laid out. Miller v. Thompson, 3 La.Ann. 567.
In Mercer v. Daws, supra, it was said: "* * * It can not now be seriously contended that Articles 699 and 700 of the Revised Civil Code are to be so strictly construed as not to allow any deviation from the literal words thereof under any condition. If so, there are many instances where the cost of an outlet would exceed many times the value of the estate. * * *"
Appellee's plea to our jurisdiction ratione materiae is predicated on the theory that the pending boundary suit worked a change of character in the instant case, making it impossible for anything more than a temporary judgment to have been rendered, effective only until the correct boundary between the estates can be judicially established in the pending action. Counsel argue that the judgment appealed from is of a temporary nature, and that Estopinal is entitled to an immediate gratuitous right-of-way until a permanent one can be fixed after the question of boundary is settled, *711 and that Mrs. Matt, therefore, had not the right to appeal from the judgment, and this court, consequently, has no jurisdiction to consider the matter.
The court is unaware of any law or precedent investing us with the power and authority to enter a temporary judgment in a case such as is now being considered. R.C.C. arts. 699 and 700, under which the action arose, presupposes that whatever relief is granted to the proprietor of an enclosed estate, is to be permanent, and he is obliged to indemnify his neighbor in proportion to the damage the right-of-way may occasion.
The necessity for an outlet has been fully established by Estopinal, and if he is compelled to suffer delay, it is true injury might result. But it would be a harsh and unconscionable ruling indeed, if Mrs. Matt were condemned to move her buildings and cut down her trees to accommodate plaintiff with a temporary and gratuitous right of passage. To say the least, the plea is without merit.
This case appears to be a fit subject for remand. In the stipulation made by counsel when the case was called for trial in the lower court, the pertinent part of which has been hereinabove quoted, it was agreed by counsel that if the aforesaid boundaries were redefined by judgment in the pending suit, the location of any right-of-way accorded plaintiff should be changed of necessity, so as to conform to the judicially established boundary lines.
This is quite a novel and unheard of agreement, and one that should not be entertained. The equities of the parties and the provisions of R.C.C. arts. 699 and 700, dictate that no attempt should be made by the court to endow plaintiff with a temporary right-of-way. If such were to be done, overlooked would be the matter of the amount of compensation due Mrs. Matt, which is as much our concern as are the rights of Estopinal. Justice could not properly be done through the medium of a temporary decree.
Even had counsel not so stipulated, nonetheless the matter should be remanded. We are not at all satisfied that the judge below selected the shortest and most direct path, or whether the right-of-way should cross Mrs. Matt's property, the Storck property, or both. Nor does the record show, if Mrs. Matt is to be condemned to grant the servitude, that the location of the passageway is the least damaging, burdensome, and inconvenient to her. The record as constituted makes manifest that Mrs. Matt will sustain considerable, and, perhaps, unnecessary damage if the right of way is to run as fixed in the judgment.
Considering the stipulation of counsel, the exigencies of the case require that further proceedings be held in abeyance until the delineation of the boundary is settled.
Upon the ultimate trial of the case, if it should be developed that Mrs. Matt's property alone is to furnish the outlet, the lower court is directed to fix the location where the distance is shortest to the public road, but in the place least injurious to Mrs. Matt, taking into consideration her interest, as well as her convenience, and to award her commensurate compensation in proportion to her damage.
The judgment insofar as it runs in favor of plaintiff and against Mrs. Matt is annulled, avoided, and reversed, but in all other respects it is affirmed.
It is ordered that the matter be remanded to the lower court for proceedings consistent with the views hereinabove expressed. Plaintiff-appellee is to pay the costs of this court, and all other costs are to await a final determination of the case.
Affirmed in part, reversed and remanded in part.