244 So.2d 309 (1971)
Dominic ARCURI
v.
Michael CALI.
No. 4218.
Court of Appeal of Louisiana, Fourth Circuit.
February 8, 1971.
*310 Thomas J. Kliebert, Becnel & Kliebert, Gramercy, for plaintiff-appellant.
Roland J. St. Martin, LaPlace, for defendant-appellee.
Before CHASEZ, LEMMON and GULOTTA, JJ.
LEMMON, Judge.
Dominic Arcuri appealed from a judgment dismissing his petition to recognize a servitude over and across Michael Cali's property and to enjoin Cali from interfering with his free use and exercise of the servitude.
The two estates in question are located in LaPlace in St. John the Baptist Parish. Originally, Arcuri owned both estates as part of a larger tract. In 1936 Arcuri sold to Cali's predecessor in title the property alleged to be the servient estate, which property fronted on the Airline Highway. Arcuri retained the rear lands which would have become completely enclosed without access to any public road, except for the following provision contained in the act of sale:
"The parties hereto agree that a servitude of ingress and egress is established on the lower portion of the property herein conveyed in favor of the property in the rear of the property herein conveyed."
Subsequently, Arcuri acquired the adjoining rear lands, which had an access road to the Airline Highway. However, he continued to some extent to use the servitude across the alleged servient estate he had sold in 1936.
In 1966 Cali constructed improvements which blocked the servitude claimed by Arcuri. This suit followed, and after a trial on the merits, the trial court held that the parties to the 1936 sale recognized the creation of legal servitude of passage. On this basis the trial court further held that the rear lands were no longer enclosed after Arcuri purchased the adjoining property with access to the highway, and therefore no legal servitude existed at the time suit was filed. See LSA-C.C. arts. 666, 669, and 701; Pousson v. Porche, 6 La.Ann. 118 (1851); Perry v. Webb, 21 La.Ann. 247 (1869).

ESTABLISHMENT OF SERVITUDE
In our opinion a detailed consideration of the creation of a legal servitude and the consequences of Arcuri's acquisition of the contiguous estate is unnecessary, since the language in the 1936 act of sale clearly established a conventional servitude. Although a supposed legal right to have ingress and egress may or may not have been the motivating factor in the negotiations for the servitude, the notarial recitation was not a mere recognition of a legal servitude. Arcuri was not entitled to a legal servitude under LSA-C.C. art. 699 or LSA-R.S. 48:731 et seq., for prior to his partition, his was not an enclosed estate. Nor was he entitled to a legal servitude granted by LSA-C.C. art. 701 to the purchaser of an estate enclosed by partition, since he was the vendor and by his own actions deprived the estate of access, except for the conventional servitude. Estopinal v. Storck's Estate, 44 So.2d 704 (Orl.La.App.1950).
LSA-C.C. art. 709, referring to conventional servitudes, reads:
"Owners have a right to establish on their estates, or in favor of their estates, such servitudes as they deem proper." (Emphasis supplied)
*311 The parties clearly stated their intention by the contractual language that "a servitude of ingress and egress is established." (Emphasis supplied)
While language which gives life to servitudes must be strictly construed, servitudes being in derogation of public policy against encumbered property ownership, it will be given effect when it is clear and unequivocal, as it is in this case. Wilson v. Scurlock Oil Company, 126 So.2d 429, 433 (La.App. 2 Cir., 1960); Dickson v. Arkansas Louisiana Gas Co., 193 So. 246, 249 (La.App. 2 Cir., 1939).
The deed establishing the servitude is in Cali's chain of title. He cannot claim the benefit of that deed while repudiating its burden. The deed was recorded and was therefore effective against third parties. LSA-C.C. art. 2264; McDuffie v. Walker, 125 La. 152, 51 So. 100 (1909); Burgas v. Stoutz, 174 La. 586, 141 So. 67 (1932). We hold that by conventional agreement in 1936, a servitude was established which passed with the land in Cali's chain of title unless later extinguished in a manner provided by law.

EXTINGUISHMENT OF SERVITUDE
The petition and the attached letters and exhibits claimed a legal servitude, which was alleged to be imprescriptible under LSA-C.C. art. 795. The exception and eventual answer were oriented toward defending against this claim.
While Arcuri pleaded a legal servitude, he alleged the facts necessary to obtain a judgment recognizing a conventional servitude, and this judgment should and does grant him this relief. See LSA-C.C.P. art. 2164. However, since the defendant had a valid defense against a legal servitude because of extinguishment by merger of the dominant estate with contiguous lands having access to a public road, his reliance on that defense may have prejudiced his preparation and presentation of evidence on the extinguishment of a conventional servitude. This was indicated in written and oral argument. Therefore, we feel that the interest of justice will be best served by remanding this case to the district court for the taking of any additional evidence that either party desires to submit on the extinguishment of this servitude.
For the reasons assigned, the judgment of the district court is set aside. The case is remanded for the sole purpose of taking additional evidence on the extinguishment of the conventional servitude and rendition of judgment in accordance with the views herein expressed. The assessment of costs will await final determination of the matter.
Set aside and remanded.