KLIEBERT, Judge.
Virginia and Oren Dallas, plaintiffs, filed a suit against Robert Farrington, Jr., Robert Farrington, III and the Jefferson Parish Council seeking the following relief: (1) A judgment holding Ordinance No. 9981 of the Parish of Jefferson invalid; (2) A judg- *764 merit recognizing plaintiffs’ servitude of passage from plaintiffs’ lots (acquired from Robert Farrington, Jr.) to State Highway 80, over an area known as Roblaine, formerly owned by Robert Farrington, Jr., and now owned by Robert Farrington, III; and (3) a permanent injunction prohibiting Robert Farrington, III from blocking plaintiffs’ passage to Highway 30 via Roblaine Street.
The trial court maintained the Parish’s exception of improper accumulation of parties and ordered a trial of the action against the Farringtons before trial of the action against the Parish of Jefferson, There has been no appeal from this ruling, therefore, the appeal before us is limited to the question of whether the plaintiffs have a servitude of passage over the Farrington land and therefore entitled to a permanent injunction prohibiting its blockage. As to that issue, although for different reasons, we affirm the trial judge’s ruling denying the existence of a servitude of passage and dismissing his petition for injunctive relief,
The issues initiate out of the efforts of Robert Farrington, Jr. to subdivide and sell lots from his land,
At Robert Farrington, Jr.’s request, Edward A. Landers, Jr., under dáte of May 6, 1964, prepared a proposed resubdivision plan of Plot 69 of Ida Plantation, Crown Point, Parish of Jefferson, cutting lots as follows:
[[Image here]]
*765 Apparently, the Parish authorities refused to approve the Landers’ resubdivision plans.
Nevertheless, on December 21, 1964, Robert Farrington, Jr. commenced selling lots. First, he sold Lot No. 1 to Lorina and James A. Fish. No reference was made in the description to the Landers’ subdivision plan. Rather, the act of sale conveying the lot made reference to a survey by Warren Lavelle, dated November 16, 1964. The Lavelle survey plan showed Lot No. 1 as fronting on State Highway 30 and being cut out of Plat 69. It had the same dimensions as Lot No. 1 shown in the Landers subdivision plan.
Subsequently, by act of sale dated December 20, 1965, Robert Farrington, Jr. sold to plaintiffs Lots Nos. 2 and 3 which were described in the act of sale as follows, to-wit:
A CERTAIN PIECE OR PORTION OF GROUND, together with all the buildings and improvements thereon, and all the rights, ways, privileges, prescriptions, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Parish of Jefferson, State of Louisiana, being part of what was formerly known as Ida Plantation; which said portion of ground commences at a distance of 100 feet from the intersection of State Highway No. 30 and Rob Laine Street, a private thoroughfare and measures thence along the westerly side of Rob Laine Street a distance of 200 feet, same width in the rear, by a depth between equal and parallel lines of seventy-five (75’) feet. The said portion of ground is composed of Lots Nos. 2 and 3 of original Plot 68. All as per plan of survey by Edward A. Lan-ders, Jr., C.E., dated May 6, 1964.
Being part of the same property acquired by Verna Ehret, wife of, and Robert G. Farrington from James P. Fuhrmann, by act before Louis H. Marrero, Notary Public, dated June 25, 1957, registered in COB 427, folio 400; further acquired by Robert G. Farrington in Act of Partition before Peter C. Bertucci, Notary Public, dated June 29, 1959, registered in COB 481, folio 612, Jefferson Parish, La.
Although the above description refers to Plot 68 and to the subdivision plan by Edward A. Landers, Jr., dated May 6, 1964, the subdivision plan was not attached to the original act filed in the records of the conveyance office of the Parish of Jefferson.
In order to correct the erroneous reference to Plot 68 in the original act of sale, on April 24, 1980, Robert Farrington, Jr. executed an act of correction. The act of correction described the lots sold to the plaintiffs as follows:
A CERTAIN PIECE OR PORTION OF GROUND, together with all the buildings and improvements thereon, and all the rights, ways, privileges, prescriptions, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Parish of Jefferson, State of Louisiana, being part of what was formerly known as Ida Plantation; which said portion of ground commences at a distance of 100 feet from the intersection of State Highway No. 30 and Rob Laine Street, a private thoroughfare and measures thence along the easterly side of Rob Laine Street a distance of 200 feet, same width in the rear, by a depth between equal and parallel lines of seventy-five (75') feet. The said portion of ground is composed of Lots Nos. 2 and 3 of original Plot 69. All as per plan of survey by Edward A. Lan-ders, Jr., C.E., dated May 6, 1964.
In the interim between the original act of sale dated December 20, 1965 and the act of correction dated April 24, 1980, apparently, on the application of Robert Farring-ton, Jr., the Jefferson Parish Council in January 1971 enacted Ordinance No. 9981 approving a resubdivision of Plot 69. Under the approved resubdivision plan, the area designated as Lots Nos. 1, 2 and 3 in the Landers survey was designated as Lot 69E, and Rob Laine was designated as Lot 69D, all as shown on the survey by Wilton J. Dufrene, dated December 16, 1970, as follows:
*766 [[Image here]]
In the trial court plaintiffs claimed a conventional servitude over the area known as Roblaine because the agreement to purchase which preceded the sale provided the sale was conditioned upon:
“the granting by the seller without any restrictions or reservations whatsoever of a perpetual servitude to the buyer of the right to use Rob’s Lane as a means of ingress and egress to the property [being acquired by the plaintiffs] .... ”
After a trial on the merits, the court initially granted a judgment in favor of plaintiffs finding that a predial servitude was granted to plaintiffs by the act of sale dated December 30, 1965 and enjoined defendants from blocking same. In response, the Farringtons filed a motion for a new trial alleging that the court committed a factual error in finding that the act of sale granted a predial servitude, when, in fact, it was silent as to any servitude. After the rehearing, the trial court decided a novation had occurred and rendered the judgment now on appeal.
Here the plaintiffs contend the trial court erred in finding a novation and in refusing to hold plaintiffs were entitled to a legal servitude of passage over Roblaine. A no-vation is defined by Civil Code Article 2190 as:
“Novation is a contract, consisting of two stipulations; one to extinguish an existing obligation, the other to substitute a new one in its place.”
There is simply no evidence in the record to suggest that plaintiffs ever intended to voluntarily relinquish a right of passage over Roblaine. Rather, the testimony of the parties indicates the failure to provide for *767 the servitude was either the result of oversight or error.
Mrs. Dallas testified as follows:
“Q — [MR. BARROW] You say you were promised a road?
A — Right.
Q — It’s not in the act of sale, though; is it?
A — No. but Mr. Montgomery went over and over and over that with us, and he said this could come up. We didn’t think it ever would, but it did. Mr. Montgomery went over that. They made a number of mistakes in mine, so that’s another type of error [sic] that they didn’t put in there. No fault of mine.”
Whereas, the seller, Mr. Farrington, Jr., testified as follows:
“Q — [MR. BAHAM] Prior to the drawing up of the title, had you and Mr. and Mrs. Dallas discussed the use of Rob Lane Street?
A — I told Mr. and Mrs. Dallas that they could use the private thoroughfare, they could use it, yes, sir.
Q — Was there any time limit on the use—
A — No. I didn’t make any time limit.
Q — In this agreement here it says: ‘As perpetual servitude as a means of ingress and egress.’ That was in there when you signed this far as you know?
A — As far as I know.”
Since there is no intent to novate and novation is never presumed, novation did not occur here because one of the necessary elements of a novation is not present, i.e., the intent to extinguish the servitude. This does not mean, however, that the provision in the agreement to purchase created a conventional servitude. Conventional predial servitudes affecting immovable property which are created by agreement between the parties must be in writing, Civil Code Article 2440; McGuffy v. Weil, 240 La. 758, 125 So.2d 154 (1960); Langevin v. Howard, 363 So.2d 1209 (2nd Cir.1978), and in order to affect third parties must be filed in the record. Humphreys v. Royal, 215 La. 567, 41 So.2d 220 (1949); Alison Mtg. Inv. Trust v. BPB Contractors, Inc., 362 So.2d 1203 (4th Cir.1978).
Once the parties entered into the act of sale contemplated by the agreement to purchase it was a consummated agreement and no longer of any force and effect. Since the sale of the lots was effected without establishing a servitude of passage over other lands of the defendant, Farring-ton, Jr., his contractual obligation to furnish a conventional servitude of passage was terminated.
This leads us to consider the plaintiffs’ present argument that since Lots Nos. 2 and 3 were enclosed estates at the time of the sale, they are entitled to a legal servitude of passage under Civil Code Article 694[1] which provides:
“When in the case of partition, or a voluntary alienation of an estate or of a part thereof, property alienated or partitioned becomes enclosed, passage shall be furnished gratuitously by the owner of the land on which the passage was previously exercised, even if it is not the shortest route to the public road, and even if the act of alienation or partition does not mention a servitude of passage.”
Were it not for the errors, i.e., erroneous reference to original Plot 68 and the failure to put the Landers Subdivision Plan of record, made at the time of the conveyance of Lots Nos. 2 and 3 by Robert Farrington, Jr. to the plaintiffs, in our view Lots Nos. 2 and 3 were in fact an enclosed estate meeting the requisites of Civil Code Article 694 and hence would have entitled the plaintiffs to a legal servitude of passage over Roblaine Street. Further, in our *768 view, the subsequent acquisition by the plaintiffs from the successors in title of Lovina and James A. Fish of Lot No. 1 as shown on the Landers Subdivision Plan would not have extinguished their legal servitude of passage for there is no statutory provision which extinguishes a legal servitude of passage simply because the owner of the enclosed estate acquires an alternate route of access; nor is the ruling in Arcuri v. Cali, 244 So.2d 309 (4th Cir.1971) jurisprudential authority to support an extinguishment of the legal servitude by a subsequent acquisition of an alternative route to the public road. In Arcuri, supra, the party claiming the legal servitude enclosed his own estate by disposing of his frontage on the public road. Hence, the court held the servitude of passage in favor of the enclosed estate contained in the act conveying the frontage was not an impres-entable legal servitude of passage but rather a prescriptable conventional servitude of passage. It did not hold that the alternate route subsequently acquired by Arcuri terminated the legal servitude.
Although the plaintiffs may have been entitled to a servitude of passage over Rob-laine Street, were the title of the lane still in Robert Farrington, Jr., and be entitled to compensation or damages against the Far-ringtons and/or others under its warranty deed or some other theory of recovery, we cannot now say they are entitled to a legal servitude of passage over Roblaine Street.
Prior to the act of correction, dated April 14, 1980, Robert Farrington, Jr. sold Lot No. 69D (under the Landers Survey this was Roblaine Street) along with other land in Plot 69 to Mr. Robert Farrington, III. Due to the error in the plot number, i.e., No. 68 instead of No. 69, and the failure to record the survey of Edward Landers, Jr., dated May 6, 1964, it was impossible to determine from the conveyance records that the conveyance of Lots Nos. 2 and 3 created an enclosed estate. Hence, even though Robert Farrington, III may have had full knowledge of the enclosed estate or had been in bad faith, he was entitled to rely on public records. Alison Mtg. Inv. Trust v. BPB Contractors, Inc. supra. Since the public record did not reflect the creation of an enclosed estate in original Plot 69 and/or the existence of Roblaine Street, the third party purchaser, Robert Farrington, Jr., acquired free of any obligation to recognize a legal servitude of passage.
For the reasons above stated, therefore, we affirm the trial judge’s ruling. Each party to pay his own cost of the appeal.
AFFIRMED.

. This article became effective January 1, 1978. The article which preceded it was Civil Code Article 701.