Dear Mr. Brandenburg:
You have requested an opinion of this office regarding access issues across the Fire Department's ("the Department") property. Specifically, you note that the owners of an adjacent tract of land are crossing the Department's property to access Leland Loop Road and you are concerned about security problems resulting from this traversing. Additionally, the fence surrounding the Department's property was cut to facilitate said traversing and you want to know if you can reerect the fence, thereby stopping the traversing.
The facts related to your request are few, leaving open several legal avenues that this opinion must examine in reaching the below-mentioned conclusions. You note that the adjacent land was sold some time ago and since then, the fence surrounding the Department has been cut to facilitate access for the adjacent landowner, across the Department's property, to Leland Loop Road. It is unclear from your request letter, though, if the property is completely enclosed, with no other access to public roads other than across adjoining lands. Thus, for the purposes of this opinion, we assume that the adjacent property is enclosed. If this is not the case or the adjacent property owner does have access to a public road, then it is our opinion that the fence may be reerected without further question.
Assuming that the adjacent property is an enclosed estate, it is the opinion of this Office that the Department may reerect its fence to stop the complained-of traffic should there be a closer public road that the adjacent landowner can access without traversing the Department's property. It is further our opinion that, should there be no closer public road, the Department cannot stop the complained-of traffic, but can demand, as more fully discussed below, a relocation of the adjacent landowner's access path to his property to more fully protect the security concerns of the Department. *Page 2 
 Right of Passage
It is important to note that it is an elementary principle of civil law that, should an estate find itself enclosed and cut-off from direct access to the nearest public road, the owner of that estate "may claim a right of passage over neighboring property to the nearest public road." La. C.C. Art. 689. It is unclear from the hand-drawn map on your request letter, as well as from our reviews of several aerial photos, whether the adjacent landowner has access to a public road via another means besides across the Department's property.
Your map notes an existing road that runs perpendicular to Leland Loop Road (and intersects with it) and apparently passes along the boundaries of both the Department's as well as the adjacent landowner's property. It is not clear whether this road is public or private. The question of ownership of this road may be key to the resolution of your problem. Should this existing road be publicly owned, it appears from the information available to us, that the adjacent landowner could, and indeed should, use this road to access Leland Loop Road. The existing road would thus constitute the nearest public road and under La. C.C. Art.689 would be the access road that the adjacent landowner would have to use to access his property. Such a scenario would completely avoid the problem of the adjacent landowner having to traverse the Department's property and the Department could certainly reerect its fence to block such traffic.
If, however, the existing road noted on your request letter is not a public road, then it would not qualify under La. C.C. Art.689 as the "nearest public road." In this event, if the shortest route to the nearest public road happens to be across the Department's property, then, pursuant to La. C.C. Art. 689, the adjacent landowner can claim a right of passage over the Department's property and the fence cannot be reerected to block such traffic.
Alternative Solutions
The following discussion of limitations assumes, arguendo,
that a right of passage is found to exist on the subject property. It is merely a hypothetical discussion of the limitations that the Department would have should such a passage be found to exist and is not a recognition of the existence of such a passage. Should the nearest public road to the adjacent landowner's passage be found to be Leland Loop Road and should the shortest route to that road be across the Department's property, we suggest the following alternatives that could help to minimize the impacts of the right of passage on the Department.
Among the limitations to the right of passage is a limit on the type and volume of traffic that may cross over the Department's property. Louisiana Civil Code Article 690 states that the type and volume of traffic traversing a right of passage "shall be suitable for the kind of traffic that is reasonably necessary for the use of *Page 3 
[the enclosed estate]." Thus, the Department can restrict the type and volume of traffic that traverses its property, based on the use of the enclosed estate, in order to limit the possible security risks hinted at in your request letter.
Another important limitation on the rights of the enclosed landowner to this matter is contained in La. C.C. Art. 692. This article states that, "[t]he owner of the enclosed estate may not demand the right of passage anywhere he chooses. The passage generally shall be taken along the public road at the location least injurious to the intervening lands." Id. What this means, when read in conjunction with La. C.C. Art. 695, is that the Department may demand that the passage be relocated to a portion of its property that would minimize the security problems noted in your request letter. See e.g., Miller v. Thompson,
3 La. Ann. 567 (La. 1848). As long as this demand would not be unduly prejudicial to the adjacent landowner's use of his property, it should be reasonable according to the jurisprudence and scholarship on this matter. See, Littlejohn v. Cox,
15 La. Ann. 67 (La. 1860); C. Sherburne Sentell, III, Fixing the Right ofPassage from an Enclosed Estate: Deciding Where to Break OutUsing Louisiana Civil Code Article 692, 54 LA. L. REV. 1659 (1994).
We hope this sufficiently answers your inquiry, however if we may be of further assistance please do not hesitate to contact our office.
 Sincerely yours,
 CHARLES C. FOTI, JR.
 Attorney General
 By: ________________________
 RYAN M. SEIDEMANN
 Assistant Attorney General