J^DECUIR, J.

MOTION TO DISMISS

The defendant-appellee, Marksville Ford Lincoln/Mercury, Inc. and John Deere Insurance Company, seek to dismiss the above captioned appeal on the ground that the appellant confessed judgment in the proceedings in the trial court or voluntarily and unconditionally acquiesced in the judgment rendered against them, pursuant to La.Code of Civ.P. art. 2085. We agree and dismiss the appeal.
The appellant, Randy Lee, filed a disputed claim for workers’ compensation on February 4, 1998. A hearing was held on July 21, 1998 at which time the parties agreed to dismiss the claim that was currently before the court. On August 14, 1998, the judge issued an order finding no actual dispute exists in reference to this 1008 claim, but reserved the claimant’s rights to any future claims. The order dismissed the current claim with prejudice. On August 24,1998, the plaintiffs attorney withdrew as counsel of record. On September 21, 1998, the ^plaintiff, in proper person, sent a letter wishing to appeal the ruling of the court. On September 24, 1998, the plaintiff filed a motion for new trial stating that new evidence had been discovered since the date of trial. The motion for new trial was denied in accordance with rule 2155 on September 28, 1998. The record was lodged with this court on March 23, 1999. On March 30, 1999, defendants filed a motion to dismiss pursuant to La.Code Civ.P. art. 2085.
La.Code Civ.P. art. 2085 states as follows:
Art. 2085. Limitations on appeals
An appeal cannot be taken by a party who confessed judgment in the proceed *123 ings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.
In the present case, the trial court at the hearing on the merits stated as follows:
THE COURT: I just want to maké it clear this is not dismissing anything in the future, you’re just
-just the claim that was currently before us and I had to do that so that I can get rid of this file and send it down to Baton Rouge. But you certainly have any rights in the future, all we did was stop it up until today’s date, if anything should occur to you.
All parties agreed to dismiss the current claim. In the present case there is no evidence before this court other than the stipulated judgment dismissing the claim. Am appeal is not the appropriate remedy to attempt to annul a consent judgment. Under these circumstances the appeal is dismissed at appellant’s cost.

APPEAL DISMISSED.