945 So.2d 114 (2006)
Sheldon Charles VINCENT, Sr.
v.
Melinda Marie Cormier VINCENT.
No. 06-CA-419.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2006.
Leslie A. Bonin, Attorney at Law, New Orleans, Louisiana, for Plaintiff/Appellee.
Marcus A. Allen, Sr., Attorney at Law, Lafayette, Louisiana, for Defendant/Appellant.
Panel composed of Judges SUSAN M. CHEHARDY, WALTER J. ROTHSCHILD, and GREG G. GUIDRY.
WALTER J. ROTHSCHILD, Judge.
The parties, Sheldon and Melinda Vincent, were married on June 17, 1978. On March 2, 2004, Mr. Vincent filed a Petition for Divorce, and a Judgment of Divorce was granted on April 27, 2005. Ms. Vincent filed a Petition for Partition Community Property on January 4, 2005.
On November 15, 2005, the parties, along with their respective attorneys, appeared before the trial court. At that time, the attorneys indicated that the parties reached a consent agreement regarding their community property. The attorneys read the terms of the consent agreement into the record. Thereafter, Mr. and Ms. Vincent were sworn in and they both agreed to the terms of the consent judgment.
On January 20, 2006, Mr. Vincent filed a "Rule for Contempt, to Compel Signing of Settlement Document, For Attorney's Fees and Costs, and Request for Expedited Hearing," asserting that Ms. Vincent would not sign the written consent *115 judgment. The matter was set for hearing on January 31, 2006.[1] On that date, the trial judge read and signed the consent judgment. The judgment was also signed by Mr. Vincent and his attorney, but was not signed by Ms. Vincent or her attorney. Ms. Vincent filed a Motion for Appeal on February 24, 2006.
On appeal, Ms. Vincent argues that the trial judge erred in "granting a Consent Judgment when misrepresentation and fraud were utilized by a party to induce the terms of the Consent Judgment between the parties." Mr. Vincent filed a Motion to Dismiss Appeal on August 21, 2006. He contends that Ms. Vincent does not have the right to appeal a consent judgment. He further argues that filing an appeal is not the proper procedure to assert a nullity action based on fraud or misrepresentation. We agree.
Once a consent judgment has been read into the record, it becomes a legal and enforceable judgment. Trahan v. Coca Cola Bottling Company United, Inc., 04-0100 (La.3/2/05), 894 So.2d 1096, 1104; Parish of Jefferson v. Lafreniere Park Foundation, 98-345 (La.App. 5 Cir. 9/15/98), 720 So.2d 359, 363; writ denied, 98-2598 (La.10/28/98), 723 So.2d 965. LSA-C.C.P. art.2085 provides as follows:
An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.
At the November 15, 2005 hearing, Ms. Vincent agreed that the settlement agreement had been explained to her and that she was satisfied that it was a fair and complete resolution of the parties' community property claims. She further acknowledged that the agreement "would be a consent judgment that is not appealable."
In her brief on appeal, Ms. Vincent admits that both parties agreed to the terms of the agreement in open court when it was read into the record, and they understood that the agreement would be put into a written consent judgment. However, she asserts that the consent judgment is invalid, because Mr. Vincent "committed fraud by misrepresentation and suppression of information" when he agreed to the terms of the agreement.
Ms. Vincent contends that the consent judgment should be annulled due to fraud and misrepresentations by Mr. Vincent. However, an appeal is not the appropriate remedy to attempt to annul a consent judgment. Lee v. Marksville Ford L/M, Inc., 99-405 (La.App. 3 Cir. 5/19/99), 741 So.2d 122, 123. Further, an appeal cannot be used as a substitute for an action in nullity. Phillips v. Space Master International, Inc., 96-877 (La. App. 5 Cir. 5/14/97), 696 So.2d 64, 66. Accordingly, under these circumstances, Ms. Vincent's appeal must be dismissed.
Mr. Vincent argues that Ms. Vincent filed a frivolous appeal, and he seeks an award of damages, attorney fees, and costs, pursuant to LSA-C.C.P. art. 2164. Based on our review of the record, we do not find that such an award is warranted or equitable.
APPEAL DISMISSED.
GUIDRY, J., concurs with reasons.
*116 GUIDRY, J., concurring with reasons:
I agree with the result of the majority decision; that the trial court's entry of a signed judgment, based on the consent agreement dictated into the record, is allowed to stand. However, after reviewing the case on the merits, I would reach this result by affirming the trial court judgment since there is nothing in the record to support the appellant's claims, rather than by dismissing the appeal.
NOTES
[1] The record does not contain a transcript or minute entry dated January 31, 2006 from the trial court. The transcript and minute entry in the record from January 31, 2006 are from Commissioner's Court and indicate that the matter was continued without date.