LOLLEY, J.
|! Dolores June Allen (“June”) appeals from a judgment of the Fourth Judicial District Court, Parish of Ouachita, Louisiana, recognizing her right to a servitude of passage across Vivian Finley’s (“Vivian”) property, but limiting the servitude to a road that is 15-feet wide. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.
Facts
June Allen is the owner of a piece of landlocked property in western Ouachita Parish, Louisiana. This dispute between former sisters-in-law concerns a servitude of passage across Vivian’s property that allows June access to her property from nearby Highway 80. All of the property in question was at one time owned by James Allen and his wife, Vivian’s parents. Since at least 1964 when James Allen bought a portion of the property from an ancestor in title, a 15-foot wide gravel road has provided access to the interior of the tract. The road is shown on a 1964 deed conveying adjoining property to James Allen but not on the 1961 deed where he bought the portion of the property upon which the road now sits.
In 1971, June and Adrian Allen, who subsequently divorced, moved onto a 0.31 acre portion of the tract to use as a site for their home. They bought the property from James Allen in 1976. This tract was less than 400 feet to the south of Highway 80, and this site’s only access to Highway 80 was by the gravel road running north-south, colloquially known as Allen Lane; the property was otherwise landlocked. From the time June and Adrian moved onto the property in 1971, they used Allen Lane to access 12their property. However, the deed to June and Adrian did not mention a servitude of passage. Over the years, James Allen widened Allen Lane and it may have been as much as 30 feet wide at one point, but little gravel remains on the road; its surface is now mostly dirt.
In 2003 James Allen donated a 1.51 acre tract in the interior of the property to Vivian. Included in this donation was an “ingress/egress and/or utility servitude” over Allen Lane. In 2005 James Allen donated the ownership of much of the remainder of the tract to Vivian including the portion of the tract across which Allen Lane runs.
After Vivian obtained ownership of Allen Lane, she ordered one of her employees to build a fence down the middle of the length of Allen Lane. This fence is 17 feet or less to the west of and parallel to the boundary line between Vivian’s and June’s property. This fence is constructed from wooden 4x4 posts with a row of boards and tin at the bottom. Photos of the fence *883 show that it was not erected in the center of the road; rather, it is offset by an uncertain distance toward the eastern edge of Allen Lane. Past the portion of the Allen Lane roadbed on June’s (east) side is an unimproved area thinly covered with grass that comprises the servitude of passage as it now exists.
Subsequently, Vivian ordered the construction of a smaller fence made from small metal posts and one strand of barbed wire, parallel to the first fence, to mark the boundary between the property. Vivian then ordered the construction of yet a third fence, this one between the outer and inner fences. Like the second fence, the third fence was made from small metal lsposts and barbed wire. According to Vivian, the third (middle) fence allows June a passage (between the middle fence and the property line fence) on Allen Lane that is approximately 13 feet wide to get to Highway 80. This middle fence blocks access to virtually all of the established roadbed of Allen Lane that is on June’s side of the first fence. It was estimated that this width of the blocked area of Allen Lane was three to five feet.
According to June and her daughter, Lori Edwards, the addition of the inner fence made the road too narrow, forcing them to drive on the property of an adjacent neighbor to reach the highway. In addition, what is left of the road becomes very muddy when it gets wet. In fact, photos of the road depict a muddy and deeply rutted turn near June’s home. According to June, the road is currently too narrow to bring in a gravel truck despite her stated willingness to improve the road at her own expense.
After Vivian refused to remove the fences, June filed a lawsuit seeking a declaratory judgment, preliminary and permanent injunctive relief and money damages. Among other things, June asked for a 15-foot wide passage from her home to Highway 80, the right to construct a roadbed sufficient to provide access to Highway 80, and damages. After hearing evidence and viewing photos of the fences, the trial court granted the preliminary injunction and ordered Vivian to remove the middle fence, determining that the fence did not serve any useful purpose and unduly restricted June’s passage to her home. The trial court also ordered the removal of a small part of the more substantial fence near the road because Lit impaired access. The trial court did not order Vivian to pay any damages, or improve the servitude. From this judgment, June appeals.
DISCUSSION
On appeal, June argues that the court erred by not ordering a permanent injunction and by allowing Vivian to relocate June’s access at her expense, without a determination that the relocated access was equal to what she had before. Vivian concedes on appeal that June is entitled to a permanent injunction but argues that the trial court’s ruling now provides June with adequate access.
Louisiana C.C. art. 694 currently provides:
When in the case of partition, or a voluntary alienation of an estate or of a part thereof, property alienated or partitioned becomes enclosed, passage shall be furnished gratuitously by the owner of the land on which the passage was previously exercised, even if it is not the shortest route to the public road, and even if the act of alienation or partition does not mention a servitude of passage.
In 1976, former La. C.C. art. 701 of the 1870 Civil Code provided:
It is not always the owner of the land which affords the shortest passage who is obliged to suffer the right of passage; *884 for if the estate, for which the right of passage is claimed, has become inclosed by means of sale, exchange or partition, the vendor, coparcener or other owner of the land reserved, and upon which the right of passage was before exercised, is bound to furnish the purchaser or owner of the land inclosed with a passage gratuitously, and even when it has not been sold or transferred with the rights of servitude.
Louisiana C.C. art. 695 provides:
The owner of the enclosed estate has no right to the relocation of this servitude after it is fixed. The owner of the ser-vient estate has the right to demand relocation of the servitude to a more convenient place at his own expense, provided that it affords the same facility to the owner of the enclosed estate.
|fiThus, pursuant to former La. C.C. art. 701, which was in effect at the time when James Allen sold the 0.31 acre tract to June in 1976, a gratuitous servitude of passage was created along what was then Allen Lane, the portion of the land on which the passage was previously exercised. Vivian has relocated the servitude of passage to include only a portion of one half of Allen Lane, and she has failed to provide June the same facility as she had before. Vivian may have the right to relocate the passageway, but she is bound to provide June with an equivalent passageway to access her land. Mercer v. Daws, 186 So. 877 (La.App. 2d Cir.1939).
June proved at trial, and the trial court found, that the relocation did not afford her the same facility that she had with the road as it had been. In fact, the photos included as evidence show a very narrow passageway between the middle and property-line fences; only the extreme western edge of the passageway has any of the Allen Lane roadbed. The trial court chose the simplest and most practical solution to the problem by requiring Vivian to remove the middle (third) fence from the road. That fence narrowed the passageway by approximately four feet and, as the trial court found, served no meaningful purpose. However, the evidence — in particular the photos — shows that even when this middle fence is removed, June only has a portion of the Allen Lane roadbed to drive on. Although Allen Lane is now primarily a dirt road, it is a hard-packed and established dirt road. The portion of the servitude between the eastern edge of Allen Lane (on June’s side of the permanent fence) and the property line fence, i.e. the passageway that is left pursuant to the trial court’s ruling, is not an established road and | ⅜⅛ subject to flooding and very muddy conditions. The trial court was clearly wrong in finding that the removal of the middle fence was alone sufficient to “afford the same facility to the owner of the enclosed estate.” Clearly some improvement will have to be made to the road on June’s side to make its use equivalent to what it was before the erection of the fences.
Vivian concedes that June is entitled to a gratuitous right of passage and to a permanent injunction. We agree with the trial court’s ruling granting June a gratuitous right of passage but disagree with its finding that the removal of the middle fence was sufficient under La. C.C. art. 695. Under the manifest error standard of review, a factual finding cannot be set aside unless the appellate court finds that it is manifestly erroneous or clearly wrong. In order to reverse a fact finder’s determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. Cosby v. Holcomb *885 Trucking, Inc., 2005-0470 (La.09/06/06), 942 So.2d 471. The record plainly shows that the servitude, even as modified by the removal of the middle fence, remains unsuitable for routine vehicular travel. To the extent that the trial court found otherwise, it was clearly wrong. However, we decline to dictate the terms of the permanent injunction on appeal. Instead, we remand this matter to the trial court to fashion a remedy in accordance with La. C.C. art. 695 providing June a right of passage which “affords the same facility” to her as before. Even though June only requests fifteen feet of passageway, it is incumbent |7upon Vivian to provide June with fifteen feet that is as roadworthy as the passage she had before.
Conclusion
For the foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part and remanded to the trial court for further proceedings. Costs of this appeal are assessed to Vivian Finley.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.